Ruffin, C. J.
 

 The court does not perceive any cause of complaint on the part of the appellant with the instructions to the jury. His Honor held, that the plaintiff was en
 
 *613
 
 titled to recover damages on the covenant of the defendant to furnish an engine, ready for shipment on the first day of March, 1837, unless the plaintiff had himself enlarged the timé; and also damages for the inefficiency of the work, whether arising from the badness of the materials or workmanship, or because it did not correspond in form and parts with the contract. Those instructions embraced every breach alleged by the plaintiff, except that which respected the failure of the defendant to put up the engine on or before the 1st of May, 1837. Upon this last it is clear, the plaintiff could not recover upon his declaration and evidence. For the contract requires the plaintiff to have the necessary building erected, in which the engine was to be placed. The erection of the building must necessarily precede the putting the engine in it; and it was therefore incumbent on the plaintiff to show that the house was ready. That he did not do; but, on the contrary, he admits it was not ready by the first of May; and, indeed, it does not appear to have been built one day before the defendant had the engine at Plymouth, to be put therein. The only remaining question is as to the proper measure of damages. We think that as far as the instructions were specific on that subject, they are entirely correct; that in no respect were improper instructions given; and that, if the plaintiff was not satisfied that all the directions had been given to the jury which he wished, and in the form he wished, he ought to have asked others more precise. For any of the work, which either was not supplied according to contract or failed, the jury were told to give the>price of good work of the same description, or what it cost the plaintiff to replace the defective parts. The propriety of that standard of damages for that part of the case cannot, we think, be questioned: indeed, it has not been, in argument. Then, as to the other parts of the case, we find a general instruction that the jury might give the damages sustained by the plaintiff by the failure of the defendant to make or furnish the engine by the day stipulated, viz. the first of March. This seems to us to have been going fully far enough; for, as the plaintiff gave no evidence that a house was prepared for its reception before its arrival in December
 
 *614
 
 tfre damages for the delay ought strictly, perhaps, to haves been confined to¡ the period, during which the works stood st^’ wb^e undergoing the repairs rendered necessary by the breaking of some parts of the engine. For that delay the plaintiff was entitled to a fair compensation; since, as we think, the price of supplying the defective parts of the machinery is not his only loss, but to that is tobe added the fur. ther loss from the Capital invested lying dead, and the decay of the building and materials: in other words, a reasonable rent and insurance during the period of suspension. Damages upon that principle must be supposed to have been meant by his Honor, when speaking of those to be given for the first breach stated in the declaration; and to have been given by the jury for at least the period mentioned, and,- probably, for the whole time from March, 1837, until May, 1838, when the mills went into’ final operation, after being repaired. At all events, the omission of the court to draw the attention of the jury to the particular period of the suspension of the works in 1838; dotes not furnish a ground for a new trial, inasmuch as the language of the charge would authorise the jury to take into consideration the whole time from March, 1837, and the plaintiff did not move for instructions more special on this head. On the contrary, the plaintiff repudiated that mode of measuring the damages for the delay, namely, by giving a fair rent for the time or compensation for Capital invested and lying idle; and he Claimed damages under the' particular head of injury1 to the stock of timber collected by th e plaintiff; of loss from’the want of employment of his hands during the repairs; and of the profits which he might have made, if the mills had gone into operation in May, 1837, instead of May, 1838.- Very certainly, damages are not to be measured by any such vague and indeterminate notion of anticipated and fancied
 
 profits
 
 of a business or adventure, which, like this, depends so much on skill, experience, good management, and good luck for success. That would make the defendant ail insurer against losses, from any cause in a business of hazard, and even against the plaintiff’s want of management. The gains of the business the plaintiff might have done, or, prob'
 
 *615
 
 ably, would have done, cannot be correctly estimated; and, therefore, evidence offered with a view of estimating them, as the standard, of damages, was properly excluded, as being irrelevant and as tending to mislead the jury. Then as to the two other grounds for damages, the plaintiff got them'for his hands being idle, if they were idle; and, therefore, there can be no exception on that score. Nor, as we conceive, is there greater ground for complaint with respect to injury to the timber. We cannot say that the plaintiff would have been entitled to damages for that loss, had the fact been established. It is not the natural consequence of the defendant’s want of punctuality, in not having the engine ready according to contract. It was, rather, the plaintiff’s folly, to lay in so large a stock of perishable material, before he was prepared to manufacture it. If
 
 it
 
 be
 
 liable,
 
 as he says, to injury by lying in the water, he must be presumed to have been aware of it, and ought not to have collected so much; or he might have taken it out of the water, if likely to injure there more than on land, and he gives no reason for not doing so. But futhermore, a decisive answer to this objection is that it does not appear that the timber was injured. Witnesses differed about the effect on timber of its lying in the water: some thinking it might be injurious; and others beneficial. But the plaintiff offered no evidence, that there actually was any injury to his. Consequently it would have been improper to give him damages on that account; for he can recover only the damages really sustained by him, and not such as it seems possible he may have sustained. Upon the whole, therefore, the judgment must be affirmed.
 

 Pbr Ctjriam, Judgment affirmed.