TOM PEMBERTON ET AL. v. CITY OF GREENSBORO.

(Filed 10 January, 1934.)

1. **Pleadings I a—Motion to require separate allegation of causes is properly refused where complaint alleges one cause and elements of damages.**

   Several elements of damages may be alleged on one cause of action, and where this has been done, defendant's motion to require plaintiff to file an amended complaint, based on the theory that each element of damage constituted a separate cause of action and should be separately alleged, is properly refused. C. S., 506.

2. **Appeal and Error L d—**

   Where a motion to strike out a paragraph is allowed in part and the correctness of the ruling refusing the motion as to whole paragraph is determined by appeal, a subsequent appeal presenting the same question will be affirmed.

3. **Appeal and Error J e—Where no harm results to defendant from refusal of his motion to strike out, the judgment will be affirmed.**

   The refusal of a motion to strike out certain portions of a bill of particulars as irrelevant and immaterial, C. S., 537, will be affirmed where it appears that defendant was not prejudiced thereby, the matter lending itself to an easier determination by correct rulings on the admissibility of evidence offered in support of such allegations. As to whether the refusal of the motion is appealable, C. S., 534, *quære?*

APPEAL by defendant from *Sink, J.,* at October Term, 1933, of GUILFORD.

Civil action to recover compensation for the partial taking of plaintiffs' lands, or damages for an alleged nuisance arising out of the construction and maintenance of a sewage disposal plant.

The complaint alleges several elements of damage, a number of which the defendant asked to have stricken out as irrelevant and immaterial. C. S., 537. The motion was allowed in part and the plaintiffs required to file a bill of particulars. From this ruling, the defendant appealed because the court "refused to strike from the complaint the irrelevant or redundant matter set forth therein." The ruling was not disturbed on appeal. 203 N. C., 514, 166 S. E., 396.

Thereafter, the plaintiffs filed their bill of particulars, and the defendant again lodged its motion to require the plaintiffs:

First, to file an amended complaint and allege separately each separate cause of action relied upon;

Second, to strike out paragraph 3 of the complaint;

Third, to strike out certain portions of the bill of particulars.

Motion denied, and the defendant again appeals.

*Smith, Wharton & Hudgins and Frazier & Frazier for plaintiffs.*
*Andrew Joyner, Jr., and Sapp & Sapp for defendant.*

STACY, C. J. It is not perceived that any harm has come to the defendant from the court's ruling, or that any injury is likely to result therefrom. Doubtless the plaintiffs made their specifications as broad as they could, because they were aware that, in filing a bill of particulars, they would be restricted in their proof "to the items therein set down." *Gruber v. Ewbanks*, 199 N. C., 335, 154 S. E., 318; *Ham v. Norwood*, 196 N. C., 762, 147 S. E., 291; *Gore v. Wilmington*, 194 N. C., 450, 140 S. E., 71; *S. v. Wadford*, 194 N. C., 336, 139 S. E., 608; *S. v. Lea*, 203 N. C., 13, 164 S. E., 737.

But considering the several grounds of the motion in the order named:

First: As we understand it, but a single cause of action is set out in the complaint, hence the first prayer of the motion was properly denied. It is true, several elements of damages are alleged, but this does not constitute as many separate and distinct causes of action. C. S., 506; Rule 20, sec. 2, Rules of Practice, 200 N. C., 826.

Second: The motion to strike out paragraph 3 of the complaint was allowed in part and presented on the first appeal. 203 N. C., 514, 166 S. E., 396.

Third: In so far as the order deals with the bill of particulars, it may be doubted whether it is appealable. C. S., 534; *Temple v. Western Union, ante*, 441; *Townsend v. Williams*, 117 N. C., 330, 23 S. E., 461. Compare *Ellis v. Ellis*, 198 N. C., 767, 153 S. E., 449.

The court below was of opinion that the matters and specifications, now assailed, could better be determined by rulings upon the competency of the evidence, if and when offered, than by undertaking to chart the course of the trial by passing upon undenied allegations. *S. v. Lumber Co.*, 199 N. C., 199, 154 S. E., 72. In this, we see no error. There may be no evidence offered on some of the items, which would *ipso facto* eliminate them. Then, why debate them in advance of the necessity of doing so?

It is not to be inferred, however, from the failure of the court presently to strike out some of the specifications in the bill of particulars, that they are regarded as competent to be shown in their entirety on the hearing. The competency of the evidence will be determined when offered. The proper measure of damages in such cases has been the subject of a number of decisions, and these may be called to the attention of the court on the trial if desirable.

Affirmed.