RUTH E. LUDWICK, ADMINISTRATRIX, v. SOUTHERN RAILWAY
COMPANY ET AL.

(Filed 15 December, 1937.)

**Appeal and Error § 40b—**

　　Judgment of the Superior Court reversing the order of the municipal court granting defendant's motion to strike out allegations of the complaint as being evidentiary, is affirmed on authority of *Poovey v. Hickory,* 210 N. C., 630.

APPEAL by plaintiff from *Armstrong, J.,* at June Term, 1937, of GUILFORD.

Civil action to recover damages for death of plaintiff's intestate, alleged to have been caused by the wrongful act, neglect, or default of the defendants.

Plaintiff's cause of action arises out of a collision between an automobile, in which her intestate was riding as a guest, and defendants' passenger train at a crossing in the city of High Point.

The circumstances under which the collision occurred, according to plaintiff's allegations, are detailed in paragraph five of the complaint.

The allegations of this paragraph are denied in the answer, and, following the denial, the defendants set out the facts as they understand them.

There was a motion to strike out the defendants' recital of the facts as being "evidentiary, irrelevant, and incompetent." This motion was allowed in the municipal court of the city of High Point and reversed on appeal to the Superior Court of Guilford County.

From this latter ruling, plaintiff appeals, assigning error.

*Lovelace & Kirkman and Charles L. Coggin for plaintiff.*
*W. T. Joyner and Roberson, Haworth & Reese for defendants.*

PER CURIAM. Affirmed on authority of *Poovey v. Hickory,* 210 N. C., 630, 188 S. E., 78; *Scott v. Bryan, ibid.,* 478, 187 S. E., 756; *Hardy v. Dahl,* 209 N. C., 746, 184 S. E., 480; *McDonald v. Zimmerman,* 206 N. C., 746, 175 S. E., 92. The Court will not undertake to chart the course of the trial, or to delimit the hearing, upon attenuate questions of pleading. *Pemberton v. Greensboro,* 205 N. C., 599, 172 S. E., 196; *S. c.,* 203 N. C., 514, 166 S. E., 396.

Affirmed.