HILL *v.* STANSBURY and HILL *v.* GUILFORD COUNTY.

THOMAS J. HILL, T. D. ALLEY, JOHN A. SUITS. A. C. SHERRILL, W. C. REYNOLDS, W. E. APPLE, R. B. FERRELL, M. A. MITCHELL, J. E. NEWMAN, J. M. HACKETT, A. G. GARRETT, W. B. KEARNS, T. R. COBLE, P. G. WILSON, W. G. RUDD, CHAS. M. COBLE, T. H. BAILEY, D. GRANT COBLE, C. C. TEAGUE, W. B. TRUITT, C. W. FOWLER, W. W. CLEMENT, W. F. BROWER, J. F. COBLE, A. M. HEMPHILL, W. M. DONNELL, H. L. SPRINKLE, J. W. WILKERSON, CITIZENS AND TAXPAYERS, FOR AND ON BEHALF OF GUILFORD COUNTY, v. GEORGE L. STANSBURY, JOE F. HOFFMAN, JR., J. W. BURKE, R. FLAKE SHAW, R. C. CAUSEY, AND W. CLARENCE JOHNSON.
No. 668.

THOMAS J. HILL, T. D. ALLEY, JOHN A. SUITS, A. C. SHERRILL, W. C. REYNOLDS, W. E. APPLE, R. B. FERRELL, M. A. MITCHELL, J. E. NEWMAN, J. M. HACKETT, A. G. GARRETT, W. B. KEARNS, T. R. COBLE, P. G. WILSON, W. G. RUDD, CHAS. M. COBLE, T. H. BAILEY, D. GRANT COBLE, C. C. TEAGUE, W. B. TRUITT, C. W. FOWLER, W. W. CLEMENT, W. F. BROWER, J. F. COBLE, A. M. HEMPHILL, W. M. DONNELL, H. L. SPRINKLE AND J. W. WILKERSON, CITIZENS AND TAXPAYERS OF GUILFORD COUNTY, v. GUILFORD COUNTY; J. W. BURKE, R. C. CAUSEY, JOE F. HOFFMAN, JR., AND R. FLAKE SHAW, AS MEMBERS, AND GEORGE L. STANSBURY, AS CHAIRMAN AND AS A MEMBER, OF THE BOARD OF COMMISSIONERS OF GUILFORD COUNTY, W. C. JOHNSON, TREASURER OF GUILFORD COUNTY, AND WILLIS BOOTH, GUILFORD COUNTY ACCOUNTANT.
No. 669.

THOMAS J. HILL, T. D. ALLEY, JOHN A. SUITS. A. C. SHERRILL, W. C. REYNOLDS, W. E. APPLE, R. B. FERRELL, M. A. MITCHELL, J. E. NEWMAN, J. M. HACKETT, A. G. GARRETT, W. B. KEARNS, T. R. COBLE, P. G. WILSON, W. G. RUDD, CHAS. M. COBLE, T. H. BAILEY, D. GRANT COBLE, C. C. TEAGUE, W. B. TRUITT, C. W. FOWLER,

W. W. CLEMENT, W. F. BROWER, J. F. COBLE, A. M. HEMPHILL, W. M. DONNELL, H. L. SPRINKLE, J. W. WILKERSON, CITIZENS AND TAXPAYERS, FOR AND ON BEHALF OF GUILFORD COUNTY, v. GEORGE L. STANSBURY, JOE F. HOFFMAN, JR., J. W. BURKE, R. FLAKE SHAW AND R. C. CAUSEY.

No. 670.

(Filed 20 May, 1942.)

**1. Appeal and Error § 2—**

The denial of a motion to strike certain portions of a complaint on the ground of irrelevancy and redundancy, made under C. S., 537, before answer or demurrer, and before any extension of time to plead, is immediately appealable. C. S., 638.

**2. Pleadings § 29—**

A motion to strike certain portions of the complaint on the ground of irrelevancy and redundancy, when made before answer or demurrer or extension of time to answer, is not addressed to the discretion of the court but movant has the right to make the motion under the statute and the right to have the motion considered upon its merits and the portions of the complaint objected to stricken if they are irrelevant or redundant. C. S., 537.

**3. Appeal and Error § 40b—**

On appeal from the denial of a motion to strike made under C. S., 537, the duty rests upon the Supreme Court to sustain the objections which relate to any allegation which is clearly irrelevant or redundant within the meaning of the statute and to strike same from the pleading, but caution will be exercised not to put the lower court in trammels upon a doubtful matter when the competency of the allegations objected to may more clearly appear when the case is factually developed on the trial.

**4. Pleadings § 22—**

Where the trial court grants defendants' motion to strike certain allegations of the complaint, it may properly give plaintiffs permission to replead.

**5. Pleadings § 29—Motion to strike certain allegations from the complaint held correctly denied.**

These actions were instituted by taxpayers against certain county officers to recover sums allegedly received by them as salary and expenses to which they were not entitled, and against the county and its commissioners to restrain allegedly unlawful expenditure of public funds. *Held:* Defendants' motion to strike certain allegations from the complaint were properly denied, certain of the allegations not being merely vituperative in describing defendants' conduct, but being necessary to a complete statement of the cause of action, and as to other allegations the defendants were not materially prejudiced thereby and to strike same might unduly hamper plaintiffs in the development of the case.

APPEALS by defendants from *Warlick, J.,* at 5 January, 1942, Civil Term, of GUILFORD.

In each case: Affirmed.

HILL *v.* STANSBURY and HILL *v.* GUILFORD COUNTY.

*York & Boyd, L. P. McLendon, and Andrew Joyner, Jr., for plaintiffs, appellees.*

*B. L. Fentress, D. Newton Farnell, Jr., Clifford Frazier, and King & King for defendants, appellants.*

SEAWELL, J. The cases above numbered are all here on appeals of defendants from a denial, in part, of motions to strike from the complaint various items, ranging from whole paragraphs to fragmentary expressions, and even single words. The motions were made under C. S., 537, before answer or demurrer, and before any extension of time to plead was granted. The motions were made upon the theory that the matter objected to is irrelevant and prejudicial.

The cases were argued together in this Court, and for convenience, are so considered in the opinion.

All three of the cases are based on the commission of allegedly *ultra vires* acts on the part of the defendants, County Commissioners of Guilford County, and alleged misconduct in office of the said Commissioners and other officials named as defendants. The acts complained of consisted of the expenditure of large sums of money by the Commissioners without authority of law, of unauthorized commitments, appropriations, and other transactions involving loss to the public treasury and detriment to the taxpayers. Of some of the defendants involved, it is alleged that they received substantial sums by way of salary, per diem and expenses, to which they were not entitled by law and which constituted a part of the unlawful expenditures.

Two of the cases, Nos. 668 and 670, are for the recovery of money so unlawfully expended, the Commissioners allegedly having refused to take action in the matter. In No. 669, the plaintiffs, representing themselves to be taxpayers who, with others like situated, are likely to receive injury by the *ultra vires* acts of the defendant public officers in unlawful expenditure of the public funds and unauthorized transactions involving a large amount of money, have joined as defendants the County of Guilford, the members of the Board of County Commissioners, the County Treasurer, and the County Accountant. Plaintiffs seek an injunction against the allegedly wrongful and *ultra vires* acts.

The items to which defendants object are more than sixty in number. It is unnecessary and inexpedient to deal with them in detail. But, in view of the difference of opinion expressed on the point by opposing counsel, it might be best to begin by clarifying the principle on which appeals of this nature are reviewed here.

Some doubt has been expressed whether an order denying a motion to strike under C. S., 537, is immediately appealable. The question hinges upon whether such an order affects a substantial right of the disappointed

movant. C. S., 638. Otherwise, it would be his privilege, if he so desired, to note an exception and proceed with the trial. But it is apparent that if his relief is confined to a further objection when evidence is offered, he gets nothing which he would not have gotten without making a motion; whereas, the statute intends to give him something and to give it to him in time to be of service. Even the common law gave such protection to defending litigants and conserved the dignity and economy of court proceedings by confining the proceeding to justiciable issues. McIntosh, N. C. Practice and Procedure, p. 378.

However this may be, the established practice authorizes the appeal. *Hosiery Mill v. Hosiery Mills,* 198 N. C., 596, 152 S. E., 794; *Ellis v. Ellis,* 198 N. C., 767, 153 S. E., 449; *Herndon v. Massey,* 217 N. C., 610, 88 S. E. (2d), 914; *Scott v. Bryan,* 210 N. C., 478, 187 S. E., 756.

Conceding the appealability of the order, it is contended by the plaintiffs that the matter rests entirely within the discretion of the court and that it is its policy to refrain from the exercise of its power under the statute as a court of review, citing *Pemberton v. Greensboro,* 203 N. C., 514; *Pemberton v. Greensboro,* 205 N. C., 599; *Hardy v. Dahl,* 209 N. C., 746; *Scott v. Bryan,* 210 N. C., 478; *Poovey v. Hickory,* 210 N. C., 630; and N. C. L. Rev., V. 19, p. 55. The emphasis is placed on the indisposition of the Court to "chart the course of the trial below"; but we find nothing in these cases to indicate that the Court has consciously created a rule which would return to the Superior Court a burden which under the statute properly rests upon it, so that the lower court may be forced to deal with its own appeal indirectly. But where the allegation is clearly irrelevant and may work harm to the movant, this Court has never said that it would not in a proper case give the relief denied in the court below in advance of his resort to his second line of defense, objection to the evidence. We understand the expressions used by the Court in these cases to be precautionary and expressive of the danger of putting the lower court in trammels upon a doubtful matter, when, as the case is factually developed on trial, the propriety of a challenged pleading might be vindicated, or its impropriety more clearly established. That attitude is fully justified by the obligation which rests upon us under the Code practice to treat the pleadings liberally. C. S., 535. *Lyon v. R. R.,* 165 N. C., 143, 81 S. E., 1; *Citizens Bank v. Gahagan,* 210 N. C., 464, 466, 187 S. E., 580. This view is aptly expressed in 49 C. J., at p. 720, sec. 1014, as follows: "No matter will be stricken out which upon any admissible theory is, or might possibly become, material to the cause of action or defense, either in itself or in connection with other averments and which on the trial the pleader would be entitled to prove." *Savage R. R. Co. v. Lust,* 196 N. Y. S., 296, 299.

---

HILL *v.* STANSBURY and HILL *v.* GUILFORD COUNTY.

---

It has been held by this Court, and we think with reason, that when the motion is made in apt time—that is, before pleading or an extension of time to plead—it is made as a matter of right, *Hosiery Mill v. Hosiery Mills, supra; Poovey v. Hickory,* 210 N. C., 630, 631; and when made later, it is then within the discretion of the Court. *Hensley v. Furniture Co.,* 164 N. C., 148, 80 S. E., 154; *Bowling v. Bank,* 209 N. C., 463, 184 S. E., 13; *Warren v. Joint Stock Land Bank,* 214 N. C., 206, 198 S. E., 624. We suppose that the question of right does not apply merely to the making of the motion, but to its consideration upon the merits; and while the power ought always to be exercised with caution, since its consequences are not always foreseeable, there is no doubt that upon a motion of this sort, made in apt time, it is our duty to strike from the complaint matter that is clearly irrelevant or redundant within the meaning of the statute.

Upon defendants' motion, Judge Warlick struck out a number of the allegations in the pleadings, principally allegations of law, which were inserted no doubt to preserve the continuity of the subjects dealt with, or by way of inducement, or to show the relation of defendants to the specific requirements of the law. In these instances he gave plaintiffs permission to replead—doubtless apprehensive that the deletions might make the pleading defective, or discerning some factual relation that might, with propriety, be substituted for the allegation of law. His judgment in that respect will not be disturbed.

The defendants strongly insist that some of the language describing their conduct, especially in No. 668 and No. 669, is unnecessarily vituperative. We do not believe that the epithets used as descriptive of defendants' conduct were intended in that light, or have that effect. In fact, they seem to have been necessary to a complete statement of the cause of action. *Old Fort v. Harmon,* 219 N. C., 245, 13 S. E. (2d), 426.

As to the items which the movants sought to have stricken out of the complaint in the several cases, we do not at this time see that they are materially prejudiced, and both in the individual instances and in the aggregate result, we perceive a possibility that the development of the case may be unduly hampered by injudicious pruning, especially of the drastic nature demanded by defendants. *Pemberton v. Greensboro,* 203 N. C., 514, 166 S. E., 396; *Pemberton v. Greensboro,* 205 N. C., 599, 172 S. E., 196; *Scott v. Bryan,* 210 N. C., 478, 482, 187 S. E., 756; *Rucker v. Snider Brothers, Inc.,* 211 N. C., 566, 567, 191 S. E., 6. There was no error in declining the motion with respect to these items.

In No. 668, Affirmed.

In No. 669, Affirmed.

In No. 670, Affirmed.