FRANK M. PARKER, ADMR., v. DUKE UNIVERSITY, ET AL.

(Filed 28 September, 1949.)

**1. Appeal and Error § 40a—**

A single assignment of error to the signing of the judgment presents only whether error appears on the face of the record.

**2. Appeal and Error § 40f—**

The denial of a motion to strike certain allegations from the pleadings will ordinarily be affirmed on appeal when the matter can best be presented by exceptions to the evidence.

APPEAL by defendants from *Moore, J.,* at June Term, 1949, of BUN-COMBE.

Civil action to recover damages for death of plaintiff's intestate, alleged to have been caused by the wrongful act, neglect or default of the defendants.

Plaintiff's intestate was a patient in Highland Hospital, Asheville, N. C., occupying a room in Central Building, on the night of 10-11 March, 1948, when said building was destroyed by fire and plaintiff's intestate suffocated.

Plaintiff sets up a common-law action for negligence, and then in paragraph 9 of the complaint, adds seven specific allegations of negligence in violation of a city ordinance and under the General Statutes of North

Carolina relating to "Fire Prevention" for "Hotels and other buildings of like occupancy." G.S. 69-27, *et seq.*

In apt time, the defendants moved to strike these specific allegations of ordinance and statutory violations from the complaint as being inapplicable, improper and prejudicial.

The motion was overruled, and the defendants appeal, assigning error "in the signing of the judgment as appears in the record."

*W. R. McGuire, Jones & Ward, George Pennell, and Jesse A. Jones for plaintiff, appellee.*

*Harkins, Van Winkle & Walton and E. C. Bryson for defendants, appellants.*

STACY, C. J.   The single imputed error "in the signing of the judgment," presents only the question whether error appears on the face of the record.   *Query v. Ins. Co.*, 218 N.C. 386, 11 S.E. 2d 139; *Wilson v. Charlotte*, 206 N.C. 856, 175 S.E. 306; *Smith v. Smith*, 223 N.C. 433, 27 S.E. 2d 137; *King v. Rudd*, 226 N.C. 156, 37 S.E. 2d 116; *Rader v. Coach Co.*, 225 N.C. 537, 35 S.E. 2d 609.

We are not prepared to say that such has been revealed or made manifest.   Nor is it according to precedent to chart the course of the trial on close or attenuate motions to strike portions of the pleadings.   *Pemberton v. Greensboro*, 205 N.C. 599, 172 S.E. 196; *Hardy v. Dahl*, 209 N.C. 746, 184 S.E. 480; *Scott v. Bryan*, 210 N.C. 478, 187 S.E. 756; *Ludwick v. Ry. Co.*, 212 N.C. 664, 194 S.E. 282; *Hill v. Stansbury*, 221 N.C. 339, 20 S.E. 2d 308; *Penny v. Stone*, 228 N.C. 295, 45 S.E. 2d 362.

The same matters will be presented when the evidence is offered and they can then be readily determined by the rulings thereon.   Of course, the judgment here appealed from would have no bearing on the competency of any evidence which may be offered on the hearing.   But the defendants say they will be prejudiced by the reading of these challenged allegations to the jury.   No more so, we apprehend, than the reading of the general allegations of negligence.   The jury's verdict is to be rendered on evidence—not on controverted allegations of the complaint.   *Hosiery Mill v. Hosiery Mills*, 198 N.C. 596, 152 S.E. 794.   It follows, therefore, that on the record as presented, no disturbance of the ruling is indicated or required.

Affirmed.