## MRS. VIOLA F. PARLIER v. G. D. DRUM.

(Filed 23 November, 1949.)

**Appeal and Error § 40f—**

While ordinarily the Supreme Court will not attempt to chart the course of the trial upon appeal from denial of motion to strike allegations from the pleadings, in this action *ex contractu,* denial of motion, made in apt time, to strike allegations from the complaint alleging improper and annoying conduct on the part of defendant causing plaintiff nervous prostration and necessitating medical treatment, is reversed, since the reading of the pleadings would tend to prejudice defendant.

APPEAL by defendant from *Coggin, Special Judge,* March Term, 1949, of MECKLENBURG. Modified and affirmed.

*Orr & Hovis for plaintiff, appellee.*
*McDougle, Ervin & Horack for defendant, appellant.*

DEVIN, J. The defendant appealed from the denial by the court below of his motion to strike certain portions from the plaintiff's complaint.

In her complaint plaintiff alleged that she was induced by the defendant to pay $2,500 as part payment on the purchase price of certain real property in Charlotte, the defendant paying $5,000 and taking title thereto in his own name, and that defendant had agreed at the time that title would be made to her upon repayment of the amount defendant had contributed. She alleged that defendant has now repudiated their agree-

ment, and she prays that she recover of defendant $2,500, and that he be declared to hold the property in trust for her to the extent of her payments.

The defendant in apt time moved to strike certain portions from the plaintiff's complaint on the ground that they were irrelevant and not necessary to the plaintiff's statement of her cause of action. He contends that these were inserted for the purpose of prejudicing him and if allowed to remain would have a harmful effect when read in the hearing of the jury at the trial. The court allowed defendant's motion in part and declined to strike certain other portions of the complaint, including paragraph 19. From an examination of this paragraph we observe that it consists of allegations of improper and annoying conduct on the part of the defendant toward the plaintiff personally, causing nervous prostration, necessitating treatment by a physician, and forcing her to seek protection from the police against the defendant. This seems foreign to the cause of action alleged and likely to prove prejudicial to the defendant.

While, under the rule, an appeal will lie from the denial of a motion to strike if made before time for answering has expired (G.S. 1-153), it has been repeatedly declared that this Court will not on such appeal undertake to chart the course of the trial in advance, and that the competency and relevancy of matters set out in the pleadings can be more properly determined when the evidence is offered. *Parker v. Duke University,* 230 N.C. 656, 55 S.E. 2d 189; *Hill v. Stansbury,* 221 N.C. 339, 20 S.E. 2d 308; *Hildebrand v. Tel. Co.,* 216 N.C. 235, 4 S.E. 2d 439; *Scott v. Bryan,* 210 N.C. 478 (482), 187 S.E. 756; *Hardy v. Dahl,* 209 N.C. 746, 184 S.E. 480; *Pemberton v. Greensboro,* 205 N.C. 599, 172 S.E. 196. In the recent case of *Terry v. Ice & Coal Co., ante,* 103, in the opinion by *Chief Justice Stacy* it was said: "While extraneous matters in a pleading may invite or attract a motion to strike, this does not put the pleader in a strait-jacket in respect of pertinent allegations. Nor is it the province of an appeal in such cases to have the Court chart the course of the trial in advance." However, we think the allegation complained of in the case at bar falls within the rule against including irrelevant charges against an adversary in the pleadings which when read before the jury at the trial may result in substantial prejudice. *Herndon v. Massey,* 217 N.C. 610, 8 S.E. 2d 914; *Brown v. Hall,* 226 N.C. 732, 40 S.E. 2d 412; *Ellis v. Ellis,* 198 N.C. 767, 153 S.E. 449.

The court below ruled properly on defendant's motion except that we think paragraph 19 of the complaint should have been stricken.

Except as herein modified the judgment is affirmed.

Modified and affirmed.