SCARBORO *v.* MORGAN and SCARBORO *v.* SCARBORO.

---

CHARLEY SCARBORO ET AL. v. MARY MORGAN, ALIAS MARY SCARBORO, and

MARY SCARBORO v. CHARLEY SCARBORO, ADMR., ET AL.

(Filed 22 March, 1950.)

**1. Appeal and Error § 6c (2)—**

A sole exception and assignment of error to the order of the court allowing the adverse party's motion to strike certain allegations from the pleadings presents only the question whether error appears on the face of the record.

**2. Appeal and Error § 40f—**

The Supreme Court will not attempt to chart the course of the trial on appeal from an order allowing the adverse party's motion to strike allegations from the pleadings, and the order will not be disturbed when no harm results to appellant therefrom.

APPEAL by plaintiffs in the first case above mentioned, from *Bone, J.,* September-October Term, 1949, of JOHNSTON.

In the first action the children and heirs at law of Everette Scarboro, who died in August, 1948, seek to recover possession of homestead or house and lot in Johnston County, of which their father died seized. The defendant in this action claims to be in possession as the surviving

widow of the deceased, and asks that her dower be allotted in the home-place. By amendment other lands were also brought into the case.

In the second action, the alleged widow seeks to have her year's support set aside out of the estate of the deceased. The two cases were consolidated for purpose of trial, but a juror was withdrawn and a mistrial ordered. The appeal is in the first case.

The claim of widowhood is the crux of the matter now at issue. It is alleged by the children of the deceased that the marriage of Mary Morgan to their father was bigamous, in that her prior marriage to Herman Morgan was still subsisting at the time of her purported marriage to their father.

By amendment to her answer the alleged widow avers that at the June Term, 1949, Wilson Superior Court, her marriage to Herman Morgan was annulled and declared void *ab initio*.

To this amendment the children of the deceased replied (1) that the judgment of annullment in Wilson County could have no effect upon the present pending action and (2) that the judgment was procured by fraud.

On motion of the alleged widow the allegations in the reply of the heirs at law that the judgment in Wilson County was procured by fraud was stricken on the ground that it constituted a collateral attack and therefore would not be admissible on the trial of the instant cause.

From this ruling the children of the deceased "objected and excepted . . . and assign same as error."

*Mary Hill LeHew, Hooks & Mitchiner, and Leon G. Stevens for plaintiffs, appellants.*

*Lyon & Lyon and Sharpe & Pittman for defendant, appellee.*

STACY, C. J. The single imputed error to the order striking the allegations of fraud in the procurement of the Wilson County judgment of an annullment presents only the question whether error appears on the face of the record. *Terry v. Coal Co., ante,* 103, 55 S.E. 2d 926; *Clodfelter v. Gas Corp., ante,* 343, 56 S.E. 2d 600.

Moreover, if the judgment be without significance or effect in the present proceeding, as the plaintiffs allege, then no harm has come to them from the ruling on the motion to strike. The case can readily be tried without the deleted allegations. *Parker v. Duke University,* 230 N.C. 656, 55 S.E. 2d 189. Nor is it according to precedent for this Court to chart the course of the trial on motions to strike portions of the pleadings. *Pemberton v. Greensboro,* 205 N.C. 599, 172 S.E. 196; *Hill v. Stansbury,* 221 N.C. 339, 20 S.E. 2d 308; *Penny v. Stone,* 228 N.C. 295, 45 S.E. 2d 362. The appeal seems to have been taken out of the abundance of caution.

The error assigned is insufficient to require a disturbance of the ruling on the motion to strike. Hence, the result is an affirmance of the judgment. *Town of Burnsville v. Boone, ante,* 577.

Affirmed.