RELIABLE TRUCKING CO. v. HORACE MITCHELL PAYNE.

(Filed 23 May, 1951.)

1. Damages § 10—

Some latitude must be allowed in the pleading of special damages.

2. Appeal and Error § 40f—

The Supreme Court will not chart the course of the trial on appeal from an order upon motion to strike. G.S. 1-153.

**3. Damages § 1c—**

Loss of profits constitute a proper element of damage where such loss is the direct and necessary result of defendant's tort, and such loss may be recovered when capable of being shown with a reasonable degree of certainty.

**4. Damages § 10: Pleadings § 31—**

Plaintiff alleged that by reason of the damage to his tractor-trailer in the collision in suit he lost the use of same for two and one-half months notwithstanding every reasonable effort for quick repair, and that it was impossible to rent a substitute, and alleged the approximate monthly profit from the use of the trailer. *Held:* Defendant's motion to strike the allegations was improperly allowed.

APPEAL by plaintiff from *Moore, J.,* April Term, 1951, of GUILFORD.

Civil action to recover property damage and loss arising from a tractor-trailer-automobile collision.

Plaintiff alleges that on 18 March, 1950, its 1946-1947 tractor-trailer was in collision with defendant's 1948 Oldsmobile coupe at the intersection of Highways Nos. U. S. 220 and N. C. 62; that plaintiff was engaged, and had been for sometime, in hauling freight with its tractor-trailer unit, netting a profit of approximately $500 per month from its operation; that immediately after the collision plaintiff made every reasonable effort to get its trailer repaired, but was unable to do so in less than two and one-half months; that it was not possible to rent a substitute in the meantime, and that plaintiff's loss from the use of its trailer and in business profits, in addition to the damage to its trailer, amounted at least to the sum of $1250, all of which resulted directly and proximately from the negligence of the defendant.

There were other allegations relative to statements made by the defendant in respect of the collision and his willingness to pay for the damage done to plaintiff's trailer, etc.

In apt time, the defendant moved to strike from the complaint all allegations relative to statements alleged to have been made by him in connection with the collision, and also all allegations in respect of loss from the use of the trailer and loss of profits from plaintiff's business. Motion allowed; exception.

Plaintiff appeals, alleging error in striking from the complaint allegations in respect of loss of use of the trailer and loss of profits from plaintiff's business during the period the trailer was undergoing repairs.

*Smith, Sapp, Moore & Smith for plaintiff, appellant.*
*Welch Jordan for defendant, appellee.*

STACY, C. J.   The question for decision is whether the special damages pleaded by plaintiff are proper in an action to recover for alleged negligent damages to a commercial vehicle constantly needed and currently being used in a business enterprise.   The trial court answered in the negative.   We are inclined to a different view.

It should be observed *in limine* perhaps that the question is one of pleading, which may suggest sufficient liberality to include the greatest amount of damages to arise on the evidence.   *Parker v. Duke University,* 230 N.C. 656, 55 S.E. 2d 189; *Hill v. Stansbury,* 221 N.C. 339, 20 S.E. 2d 308.   The common-law pleading in this respect has been relaxed by the Code of Civil Procedure.   A party may not recover all that he alleges, although he is limited in his recovery to his plea.   For this reason some latitude may be expected in allegation which would not be permitted in the evidence.   In other words, the plaintiff is not to be put in a straight-jacket in drafting his complaint, *Terry v. Ice & Coal Co.,* 231 N.C. 103, 55 S.E. 2d 926, nor is the Court disposed to chart the course of the trial on motions to strike.   G.S. 1-153; *Parlier v. Drum,* 231 N.C. 155, 56 S.E. 2d 383; *Pemberton v. Greensboro,* 205 N.C. 599, 172 S.E. 196.

It is true that at common law and in some of the earlier decisions loss of profits from a business enterprise, occasioned by the negligent damage to property, was regarded as too remote, uncertain and speculative to be included in the recoverable damages for the tort.   *Jones v. Call,* 96 N.C. 337, 2 S.E. 647; *Sledge v. Reid,* 73 N.C. 440; *Boyle v. Reeder,* 23 N.C. 607.   And even now such is still the rule in respect of certain businesses where the profits are speculative, contingent or uncertain.   *Thompson v. S. A. L. Ry. Co.,* 165 N.C. 377, 81 S.E. 315; *Brewington v. Loughran,* 183 N.C. 558, 112 S.E. 257, 28 A.L.R. 1543.

The earlier rule has been modified, however, not only in respect of pleading, but also in regard to the scope of the recovery, especially in actions purely of tort.   15 Am. Jur. 556; *Johnson v. R. R.,* 140 N.C. 574, 53 S.E. 362.   In the case just cited, it was held (as stated in the 3rd syllabus) : "Where the profits lost by defendant's tortious conduct, proximately and naturally flow from his act and are reasonably definite and certain, they are recoverable; those which are speculative and contingent are not."   This was followed with approval in *Lumber Co. v. Power Co.,* 206 N.C. 515, 174 S.E. 427.

Under the modern rule, then, it may be said that lost profits constitute a proper element of damage where such loss is the direct and necessary result of the defendant's wrongful conduct, and such profits are capable of being shown with a reasonable degree of certainty.   *Steffan v. Meiselman,* 223 N.C. 154, 25 S.E. 2d 626; *Binder v. Acceptance Corp.,* 222 N.C. 512, 23 S.E. 2d 894; *Wilson v. Motor Lines,* 207 N.C. 263, 176 S.E. 750; Anno. 169 A.L.R. 1074; 15 Am. Jur. 558.

BRASWELL *v.* R. R.

At any rate, it would seem that the present challenged allegations in the complaint ought to survive a motion to strike if only the loss of use and profits are permitted to be shown in evidence and considered in arriving at the amount of damages sustained though not in themselves furnishing the proper measure of damages. *Johnson v. R. R., supra; Jones v. Call, supra;* 15 Am. Jur. 791.

The allegations stricken and brought forward on the appeal should be allowed to remain in the complaint. The exceptions to those not brought forward in plaintiff's brief are of course abandoned. Rule 28.

Error and remanded.