KEEFER RAYMOND LING, JR. v. EDWIN GRAHAM BELL

No. 7427DC482

(Filed 4 September 1974)

1. Damages §§ 6, 15— loss of use of vehicle

The right to recover for loss of use of a vehicle is limited to situations in which damage to the vehicle can be repaired at a reasonable cost and within a reasonable time, and the measure of damages is the cost of renting a similar vehicle during a reasonable period for repairs.

2. Damages § 15— loss of use of vehicle — sufficiency of evidence

Plaintiff's evidence was sufficient to be submitted to the jury on the issue of damages for loss of use of a vehicle where it tended to

show that the vehicle damaged was one used by plaintiff's wife to transport her to and from work, that the rented vehicle was returned while his wife was on vacation and when plaintiff purchased a new car for her transportation to and from work, and that plaintiff did check on the time necessary to complete the repairs.

3. **Damages § 16— loss use of vehicle — instructions — reasonable time for repair**

In an action to recover for the loss of use of a vehicle for which repairs were completed six weeks after the accident, the trial court erred in failing to charge the jury that, in order to award damages for the cost of renting a replacement vehicle, it must find that the period of time in which rental expenses were incurred was reasonable, and that if the period of time required for repairs was unreasonable, the recovery for rental expenses would be limited to that period from the date of the accident to that date by which plaintiff, with a reasonably diligent effort, could have purchased a replacement vehicle.

ON *certiorari* to review the order of *Bulwinkle, District Judge,* at the 29 October 1973 Session of GASTON County District Court. Heard in the Court of Appeals 13 June 1974.

This action arises out of a collision between automobiles of plaintiff and defendant on 12 January 1973 in Gaston County. Plaintiff was driving a car owned by him and ordinarily operated by his wife. The wife of defendant was driving in the same direction as was plaintiff when she rounded a sharp curve, crossed a patch of ice on the road and slid into the rear of plaintiff's vehicle.

Plaintiff's damaged vehicle was taken to Lewis Motor Company on the day of the accident, and it was repaired six weeks later. While the plaintiff's car was being repaired, he rented a vehicle for his wife to use in order to go to work. The rental expense for this substitute vehicle was $402.67, and plaintiff seeks to recover this amount as special damages for loss of use of the vehicle.

The trial court instructed the jury as follows on the issue of damages for loss of use of a replacement vehicle:

"When a vehicle damaged by another can be repaired at a reasonable cost and within a reasonable time, the owner may recover for loss of its use the measure of such damages as the cost of renting a similar vehicle during a reasonable period for repairs.

\*　　\*　　\*

The defendant contends that the period of time during which the plaintiff rented this rental automobile was ex-

cessive and unreasonable because repairs of a vehicle should not take as long as plaintiff contends they took. The plaintiff says that he immediately turned his car in for repairs and that he has no control over the length of time that the repair shop kept the vehicle before the repairs were completed and plaintiff contends that you should answer this issue in an amount of $402.67."

Issues were thereupon submitted and answered by the jury as follows:

"1. Was the plaintiff's property damaged by the negligence of the defendant's agent, as alleged in the Complaint?

ANSWER: Yes.

2. What amount, if any, is the plaintiff entitled to recover of the defendant:

(a) For property damage? ANSWER: $1,500.00

(b) For rental of a replacement vehicle? ANSWER: $402.67".

We granted defendant's petition for certiorari on 16 April 1974. Further facts necessary to our opinion will be set out hereinafter.

*Mullen, Holland and Harrell, P.A., by Philip V. Harrell, for plaintiff appellee.*

*Craighill, Rendleman and Clarkson, P.A., by Hugh B. Campbell, Jr., for defendant appellant.*

MORRIS, Judge.

[1] In *Roberts v. Freight Carriers*, 273 N.C. 600, 606, 160 S.E. 2d 712 (1968), the Supreme Court set forth the rule for damages for the loss of use of a vehicle.

"When a vehicle is negligently damaged, if it can be economically repaired, the plaintiff will also be entitled to recover such special damages as he has properly pleaded and proven for the loss of its use during the time he was necessarily deprived of it. *Trucking Co. v. Payne,* 233 N.C. 637, 65 S.E. 2d 132. See also *Binder v. Acceptance Corp.,* 222 N.C. 512, 23 S.E. 2d 894."

This right to recover for loss of use is limited to situations in which damage to the vehicle can be repaired at a reasonable

cost and within a reasonable time. The measure of damages is the cost of renting a similar vehicle during a reasonable period for repairs. In the event that the vehicle cannot be repaired or repairs would be delayed for an unreasonable time, plaintiff has the duty to purchase another vehicle, and he can recover the rental value of a replacement vehicle for the interval reasonably necessary for the acquisition of a new vehicle. *Roberts v. Freight Carriers, supra.*

[2] Plaintiff's evidence tended to show that the vehicle damaged was one used by plaintiff's wife to transport her to and from her work, and further that the vehicle rented was returned during the time his wife was on vacation and at the time he purchased a new car for her transportation to and from work. It appears that he did check on the time necessary to complete the repairs. We are of the opinion that plaintiff's evidence meets the minimal requirements of taking his case to the jury on the issue of damages for the loss of use.

Nevertheless, we feel that the instruction of the court was inadequate with respect to plaintiff's duty to avoid or mitigate his damages. In the above-quoted portion of its instruction, the court merely stated that defendant contended that the repair period was unreasonable, and that plaintiff contended in effect that the length of the repair period was beyond his control.

Plaintiff's own evidence was that he had the car taken on the day of the accident to Lewis Motor Company and that he did not discuss the length of time required for repairs until two or three days later. While he was aware of other repair shops in the area, plaintiff made no inquiries of other shops concerning repairs. He also failed to investigate the possibility of the loan of a car while his car was being repaired. For a few months prior to the time of the accident, plaintiff had been looking for a new car to replace the one his wife had been driving—the vehicle involved in the accident. Plaintiff rented a car on the day of the accident, because the car damaged had been the car used by his wife to drive to work. Plaintiff kept the rented car for 11 days and continued to use his own car to transport himself to work. At the end of 11 days, plaintiff returned the rented car for seven or eight days, while his wife was on vacation. At the end of this period, he once again rented a car. The second rental car was returned three weeks and one day later when plaintiff purchased a new car. When asked by counsel why he had not purchased a new car earlier, plaintiff

responded that "the main reason was that we hadn't found one we wanted to purchase."

[3]   While this evidence is sufficient to raise a question of fact whether the cost and period of time of the car rental was reasonable, since plaintiff has a duty to purchase a replacement vehicle if the time required for repair is excessive, *Roberts v. Freight Carriers, supra,* it was error for the trial court to submit the issue of replacement cost without a more complete instruction. The court should have charged that, in order to award damages for rental value during the period of deprivation, the jury must find the period of time in which rental expenses were incurred was reasonable. The court should have further charged that if the period of time required for repairs was unreasonable, the recovery for rental expense should be limited to that period from the date of the accident to that date by which plaintiff, with a reasonably diligent effort, could have purchased a replacement vehicle.

For the reasons stated, defendant is entitled to a       ˋ

New trial.

Judges VAUGHN and BALEY concur.