HAROLD LLOYD GILLESPIE, JR. v. PAMELA SHULL DRAUGHN AND BOBBY J. SHULL

HAROLD LLOYD GILLESPIE, SR. v. PAMELA SHULL DRAUGHN AND BOBBY J. SHULL

No. 8117SC152

(Filed 3 November 1981)

1. **Witnesses § 6.1— cross-examination concerning deposition of unrelated case proper — impeachment by prior inconsistent statements**

      In a personal injury action it was not error to allow defense counsel to cross-examine plaintiff concerning his deposition taken in another pending, unrelated case. Plaintiff's statements concerning his lack of prior medical problems contradicted plaintiff's testimony as to the extent of his injuries sustained as a result of the collision with defendant; therefore, his prior inconsistent statements were used for purposes of impeachment and were admissible. G.S. 1A-1, Rule 32(a)(3).

2. **Trial § 15.3— failure to request a limiting instruction**

      Where the record discloses no request by plaintiff for a limiting instruction concerning admission of evidence for impeachment purposes only and not as substantive evidence, the trial court did not err in its failure to restrict the purpose of the cross-examination for impeachment only.

3. **Trial § 11— jury argument — reading of portions of pleadings**

      The trial court did not commit prejudicial error by allowing defense counsel to read portions of the final pleadings, which had not been introduced into evidence, in his argument to the jury. G.S. 84-14.

4. **Damages § 17.8— failure of proof for loss of use of vehicle — no instruction proper**

      Where plaintiff failed to offer adequate proof of damages for loss of use of a vehicle, the trial court did not err in denying plaintiff's request for instructions for such damages. G.S. 1A-1, Rule 9(g).

APPEAL by plaintiffs from *Kivett, Judge.* Judgment entered 8 October 1980 in Superior Court, SURRY County. Heard in the Court of Appeals 16 September 1981.

This is an action in which plaintiff Harold Gillespie, Jr., sought recovery for personal injuries and plaintiff Harold Gillespie, Sr., sought recovery for property damage as a result of an automobile accident. The two actions were consolidated, and at trial before a jury plaintiffs presented the following evidence: On

15 January 1976, plaintiff Gillespie, Jr., was driving a Ford van owned by his father. A pickup truck owned by defendant Shull and driven by his daughter, defendant Draughn, pulled onto the highway in front of plaintiff Gillespie, Jr. Although the plaintiff slammed on his brakes, the two vehicles collided. Plaintiff had no visible injuries, but he was taken to the hospital by his mother.

About two weeks after the accident, plaintiff Gillespie, Jr., was treated by Dr. Richard Jackson for pain in his right knee, right hip and abdominal wall. It was Dr. Jackson's opinion that plaintiff's backache, abdominal pain, and headaches were severe enough to disable him totally from doing his normal work as an automobile mechanic and body shop repairman until 1 May 1976. In addition, plaintiff's ability to work was limited for at least another month. Dr. Jackson did not expect plaintiff to have any permanent injury. Plaintiff's total medical bills were approximately $750.00.

At the time of the accident, plaintiff Gillespie, Jr., operated a shop where he did body and mechanical work on cars. From 15 January 1976 through 1 May 1976, he was unable to work. He normally billed customers from $15-$18 per hour to work on their cars. The van that plaintiff was driving at the time of the accident was used to transport automobile parts. The fair market value of the van prior to the accident was $4,500.00 and, after the accident, $1,500.00. The van was not repaired until 15 August 1976, because the delivery of the necessary parts was delayed by a strike at Ford Motor Company. Plaintiff borrowed relatives' and friends' vehicles while he was waiting for the van to be repaired.

The defendants presented no evidence. Defendants moved for a directed verdict both at the close of plaintiffs' evidence and at the close of all the evidence. Both motions were denied.

The jury found that plaintiff Gillespie, Jr., was injured and that his father's vehicle was damaged by the defendant Draughn's negligence. It awarded plaintiff Gillespie, Jr., $1,125.00 for personal injuries and plaintiff's father, Gillespie, Sr., $1,700.00 for damages to his motor vehicle. The defendants were given a credit against the judgment in the amount of $1,495.36, which had already been paid to plaintiff's father for repair of the car. Plaintiffs appealed from the judgment in their favor.

*Franklin Smith for plaintiff appellants.*

*Hutchins & Tyndall by Richard Tyndall for defendant appellees.*

CLARK, Judge.

[1] Plaintiffs' first assignment of error asserts that the trial court erred in allowing defense counsel to cross-examine plaintiff Gillespie, Jr., concerning his deposition taken in another pending, unrelated case. Plaintiff Gillespie, Jr. was involved in a second automobile accident, while driving the same Ford van as in the case *sub judice*, about two years after the accident in 1976. Plaintiff was represented by the same counsel in both matters, and counsel was present when the deposition was taken. Although plaintiff argued that the deposition had been sealed, to be opened by the presiding judge, there is no evidence in the record to support this contention. Therefore, we agree with the trial court that the sworn deposition was a matter of public record, having been filed with the Clerk of Court in a pending lawsuit. Rule 32(a)(3) of the Rules of Civil Procedure provides that at trial any part or all of a deposition, if admissible under the rules of evidence, may be used against any party who was present or represented at the taking of the deposition or had notice of the taking. *NYTCO Leasing v. Southeastern Motels*, 40 N.C. App. 120, 252 S.E. 2d 826 (1979).

Defense counsel cross-examined plaintiff Gillespie, Jr., by using statements made in the deposition that prior to the second accident, he had had no problems with his head, chest, right knee, or back. Defense counsel also questioned plaintiff concerning his statements that the same van was worth $4,500.00 prior to the second accident. For impeachment purposes, a witness may be cross-examined concerning statements made on other occasions which are inconsistent with testimony at the present trial. 1 Stansbury's N.C. Evidence § 46 (Brandis rev. 1973). The materiality and extent of cross-examination are matters largely within the discretion of the trial judge. For purposes of impeachment, prior inconsistent statements are always admissible. *State v. Alston*, 294 N.C. 577, 243 S.E. 2d 354 (1978); *State v. McKeithan*, 293 N.C. 722, 239 S.E. 2d 254 (1977). Here, it is obvious that the deposition was used to impeach the plaintiff. His statements concerning his

lack of prior medical problems contradicted plaintiff's testimony in court as to the extent of his injuries sustained as a result of the collision with defendant Draughn. Similarly, the plaintiff's estimation in the deposition of the fair market value of the van tended to impeach his testimony, since he valued the same van at $4,500.00 before both accidents. Therefore, we find no abuse of discretion in the ruling of the trial judge to allow this form of impeachment by using plaintiff's prior inconsistent statements.

[2] Plaintiffs argue that the trial court erred by failing to instruct the jury that this evidence was to be considered for impeachment purposes only and not as substantive evidence. Evidence which is inadmissible for one purpose may be admissible for other proper purposes. If evidence is admitted generally, the party against whom it is offered is entitled, upon request, to have the jury instructed to consider it only for the purposes for which it is competent. *State v. Montgomery*, 291 N.C. 91, 229 S.E. 2d 572 (1976); 1 Stansbury's N.C. Evidence § 46 (Brandis rev. 1973). Although there was a motion to strike all the testimony concerning the 1978 deposition, the record discloses no request by plaintiffs for a limiting instruction. Therefore, since plaintiffs' counsel did not request such an instruction, the trial court did not err in its failure to restrict the purpose of the cross-examination for impeachment only. We find this assignment of error without merit.

[3] Plaintiffs next argue, based upon their second assignment of error, that the trial court erred in allowing defense counsel to read to the jury the pleadings in the case which were not introduced into evidence at the trial. In his closing argument, defense counsel read from the plaintiffs' complaint to the jury. Prior to the adoption of the Rules of Civil Procedure, the practice of reading pleadings to the jury at the beginning of the trial in civil cases was widely followed. Although the Rules were designed to discourage reading pleadings to the jury, it is still within the judge's discretion to allow such practice. It also is not necessary that the pleadings be introduced into evidence before being read to the jury, since they are an integral part of the case itself. The trial judge has large discretion in controlling and directing the argument of counsel as long as it is confined within proper bounds and is addressed to the material facts of the case. G.S. 84-14; *Kennedy v. Tarlton*, 12 N.C. App. 397, 183 S.E. 2d 276 (1971). We hold that the court did not commit prejudicial error by

allowing defense counsel to read portions of the final pleadings in his argument to the jury.

[4] In their final assignment of error, plaintiffs argue that the trial court erred in his charge to the jury in that he failed to charge the jury on loss of use of the Ford van, as requested by counsel for plaintiffs. In *Roberts v. Freight Carriers*, 273 N.C. 600, 160 S.E. 2d 712 (1968), the Supreme Court set forth the rule for damages for the loss of use of a vehicle:

> "When a plaintiff's vehicle is damaged by the negligence of a defendant, the plaintiff is entitled to recover the difference between the fair market value of the vehicle before and after the damage. Evidence of the cost of repairs or estimates thereof are competent to aid the jury in determining that difference. [Citations omitted.] When a vehicle is negligently damaged, if it can be economically repaired, the plaintiff will also be entitled to recover such special damages as he has properly pleaded and proven for the loss of its use during the time he was necessarily deprived of it. [Citations omitted.]"

*Id.* at 606, 160 S.E. 2d at 717.

In order to recover for loss of use, it must be possible to repair the damaged vehicle at a reasonable cost and within a reasonable time. The measure of damages to be recovered is the cost of renting a similar vehicle during a reasonable time for repairs. If the vehicle cannot be repaired or if it cannot be repaired within a reasonable time, plaintiff is obligated to purchase a replacement vehicle and will be entitled to reimbursement for costs of a rental vehicle during the interval necessary to acquire the replacement vehicle. *Roberts v. Freight Carriers, supra; Ling v. Bell*, 23 N.C. App. 10, 207 S.E. 2d 789 (1974).

As stated in *Roberts v. Freight Carriers, supra*, and as set forth in G.S. 1A-1, Rule 9(g), special damages must be specifically pleaded and proved, and the facts giving rise to the special damages must be sufficient to inform the defendant of the scope of plaintiff's demand. *See also, Rodd v. Drug Co.*, 30 N.C. App. 564, 228 S.E. 2d 35 (1976). In his complaint, plaintiff Gillespie, Sr., alleged that his vehicle was out of service in his business for four months after the accident and that the "fair and reasonable rental

value or replacement value of the 1974 Ford Van was approximately $20.00 per day," for total damages for loss of use in the amount of $2,400.00. Having made these allegations, to recover damages for loss of use the burden was on the plaintiff Gillespie, Sr., to prove that he was the owner of the van used in the business, that the van could have been economically repaired in a reasonably prompt time, and that the reasonable cost of having a substitute vehicle during that time was approximately $20.00 per day.

The evidence offered by plaintiffs falls far short of the required proof. Gillespie, Sr., did not testify. Gillespie, Jr., testified that his father was the owner of the van, although title remained in the name of the previous owner; that a replacement vehicle was not rented while the van was being repaired because from time to time a replacement vehicle was borrowed from relatives and friends; that there was a delay of eight months in repairing the vehicle but no effort was made to replace the vehicle; and that within 12 days after damage the estimated cost of repair in the sum of $1,495.36 was paid to Gillespie, Sr.

The plaintiffs having failed to offer adequate proof of damages for loss of use of the vehicle, the trial court did not err in denying plaintiffs' request for instruction for such damages.

No error.

Chief Judge MORRIS and Judge WELLS concur.