PHILLIP AMERSON AND JANET BROWN AMERSON, PLAINTIFFS v. BRUCE LAVON WILLIS AND DENARD THURMAN POTTER, DEFENDANTS

No. 913SC985

(Filed 2 March 1993)

**Damages § 42 (NCI4th) — damaged vehicle — no ownership interest — lost profits recoverable**

Plaintiff was not required to prove that he held an actual ownership interest in the damaged vehicle in order to recover for lost profits due to loss of use; rather, it was sufficient that he had the vehicle in his possession at the time of the accident, and that he normally used it in the course of his business with the permission of its owner, his wife.

**Am Jur 2d, Damages §§ 624, 636.**

Appeal by defendants from judgment and order entered 10 May 1991 by Judge Herbert O. Phillips, III in Craven County Superior Court. Heard in the Court of Appeals 17 November 1992.

*Ward, Ward, Willey & Ward, by J. Michael Mills, for plaintiffs-appellees (brief filed and signed by former counsel James C. Mills).*

*Ward and Smith, P.A., by Kenneth R. Wooten and Leigh A. Allred, for defendants-appellants.*

LEWIS, Judge.

On 28 March 1989 a tractor trailer dump truck operated by defendant Willis and owned by defendant Potter tipped over onto its side and hit a ten-wheel spreader body truck operated by plaintiff Phillip Amerson. At the time of the accident the spreader truck was owned by and titled in the name of plaintiff Janet Amerson, Phillip Amerson's wife. Plaintiff husband used this truck in his lime-fertilizer spreading business. The cab of the truck was destroyed, but the spreader body of the truck was not damaged. Plaintiff immediately began searching for a suitable truck to rent. Upon learning that there were no available rental trucks, he began searching for a replacement truck on which he could attach the undamaged spreader. Plaintiff was unable to locate a replacement truck until sometime prior to 27 April 1989. Plaintiff kept a record of those days on which he could have been working had a truck been available, and testified at trial as to how much money he could have made on each of those days.

On 18 July 1989 plaintiffs filed suit against defendants, alleging negligence and seeking monetary relief for the damage to the truck and for Phillip Amerson's lost profits. In their answer defendants claimed Phillip Amerson should be dismissed as a party because he had no ownership interest in the vehicle, denied negligence, and alleged contributory negligence. The jury found defendants negligent and plaintiffs free from contributory negligence. On 24 January 1991 the jury awarded plaintiff wife $7,500 for damage to her personal property, and awarded plaintiff husband $9,500 for lost profits. On 10 May 1991 the trial judge entered judgment according to the verdict. Defendants appeal on the issue of damages for lost profits, claiming that only someone with an ownership interest may recover for lost profits due to damage to personal property. After reviewing the relevant cases, we conclude that plaintiff properly recovered damages for lost profits.

In *Reliable Trucking Co. v. Payne*, 233 N.C. 637, 65 S.E.2d 132 (1951), our Supreme Court noted that lost profits are recoverable if they are the "direct and necessary result of the defendant's wrongful conduct," and can be shown with "a reasonable degree of certainty." *Id.* at 639, 65 S.E.2d at 133. Loss of use of a business vehicle may be the basis of a claim for lost profits. *See Roberts v. Pilot Freight Carriers, Inc.*, 273 N.C. 600, 160 S.E.2d 712 (1968). If the vehicle is totally destroyed or parts are unavailable, the

## AMERSON v. WILLIS

[109 N.C. App. 297 (1993)]

damaged party must purchase another vehicle as soon as possible. *Id.* at 606, 160 S.E.2d at 717. Damages for loss of use may be recovered only for that period reasonably necessary to acquire another vehicle. *Id.* Usually, recovery is limited to the cost of renting a substitute vehicle while the damaged vehicle undergoes repairs. *Id.* at 607, 160 S.E.2d at 718. However, if no substitute vehicle is located, damages for lost profits may be available providing two prerequisites are met: (1) plaintiff must show he or she made a reasonable effort to obtain a substitute vehicle in the interim, and (2) plaintiff must show such vehicle was not available "in the area reasonably related to his [or her] business." *Id.*

Appellants point to several cases as support for their position that an actual ownership interest in the vehicle is required before recovery for lost profits is allowed. *See Ponder v. Budweiser of Asheville, Inc.*, 30 N.C. App. 200, 226 S.E.2d 539, *disc. rev. denied*, 291 N.C. 176, 229 S.E.2d 690 (1976) (in personal injury suit corporation's lost profits not recoverable by driver/shareholder where question of proximate cause existed); *Ling v. Bell*, 23 N.C. App. 10, 207 S.E.2d 789 (1974) (plaintiff could recover for loss of use of vehicle owned by him but usually operated by his wife); *Gillespie v. Draughn*, 54 N.C. App. 413, 283 S.E.2d 548 (1981), *disc. rev. denied*, 304 N.C. 726, 288 S.E.2d 805 (1982) (plaintiff failed to meet burden of proof for loss of use damages, because he failed to show that he was the owner, that the vehicle could have been promptly repaired, and that the cost of a substitute vehicle was $20 per day). None of these cases directly addresses the issue, and none of them hold that an ownership interest is necessary for recovery of lost profits due to loss of use of a vehicle.

Appellants also look to *American Jurisprudence 2d* for support, citing it for the proposition that ownership or some legal interest is required. 22 Am. Jur. 2d, *Damages*, § 443 (1988). However, that source states that an ownership or possessory interest can be a basis for loss of use damages. *Id.* Clearly, Phillip Amerson had a possessory interest in the vehicle. At the time of the accident he was using it in his lime-fertilizer spreading business. It is not disputed that he had his wife's permission to do so. Moreover, Phillip Amerson's use of the truck was to his wife's benefit since it enabled him to work and produce income.

We hold that plaintiff was not required to prove that he held an actual ownership interest in the damaged vehicle in order to

recover for lost profits due to loss of use. It was sufficient that he had the vehicle in his possession at the time of the accident, and that he normally used it in the course of his business with the permission of its owner, his wife. The judgment of the trial court is

Affirmed.

Judges WELLS and EAGLES concur.