## LESTER B. SMITH v. ANDRE MARCEL CORSAT.

### (Filed 19 July 1963.)

**1. Trial § 22—**

Where the evidence most favorable to complainant makes out a *prima facie* case, contradictions and inconsistencies in complainant's evidence do not justify nonsuit.

**2. Automobiles § 41c—**

Defendant's allegation and evidence on his cross action to the effect that plaintiff, approaching from the opposite direction, failed to yield one-half of the highway, failed to give timely warning of his movement to defendant's side of the highway, and failed to keep a reasonable lookout, *held* sufficient to overrule nonsuit.

**3. Damages § 3—**

The general rule relating to recovery of damages for personal injuries is that the injured party is entitled to recover the present worth of the damages sustained in consequence of the tort, embracing indemnity for loss of time, or loss from inability to perform ordinary labor, or incapacity to earn money, which are the immediate and necessary consequences of his injury.

**4. Damages § 12—**

In actions to recover for personal injuries, the age and occupation of the injured person, the nature and extent of his employment, the value of his services and the amount of his income at the time, whether from fixed wages or salary, are matters properly to be considered by the jury.

**5. Same—**

In personal injury actions, great latitude is allowed in the introduction of evidence to aid in determining the extent of the damages, and as a broad general rule any evidence which tends to establish the nature, character and extent of injuries which are the natural and proximate consequences of the tortfeasor's acts is admissible in such actions, if otherwise competent.

**6. Same—**

As a general rule evidence that after the injury the business in which the injured party was interested suffered a loss or diminution of profits is not competent to be considered for the purpose of establishing the pecuniary value of lost time or diminution of earning capacity of the injured party, but such evidence may be competent for such purpose where the business is small and the income which it produces is principally due to the personal services and attention of the injured owner.

**7. Same— Evidence of loss of profits from personal business held competent as aid in determining damages for loss of earning capacity.**

Upon evidence tending to show that claimant suffered personal injuries which impaired his capacity to engage in his occupation, that he

was self-employed and his earnings consisted of the net profits of the business enterprise owned and operated by him, and that the dominating factors in the production of his profit were his personal efforts and contacts, it *is held* evidence of the net income received from the business for the three years prior to the injury and the year following the injury is competent as an aid, to be considered with all the other evidence, in determining the pecuniary value of the loss of time or loss or impairment of earning capacity, even though the evidence would not be competent on the issue of special damages, if such had been submitted, because special damages were not properly pleaded and because the evidence of loss of profit does not reach that degree of certainty required as a foundation for special damages.

**8. Evidence § 35—**

Testimony of a witness as to the net profits from his business for the year in question from memory and estimates, instead of from records and accounts, *held* not to render the testimony too speculative, the opposing party having had full opportunity to cross-examine him with respect to all phases of the business.

**9. Trial § 15—**

Where evidence competent for a restricted purpose is admitted generally, an exception will not be sustained in the absence of a request that its admission be restricted.

APPEAL by plaintiff from *McKinnon, J.,* January 1963 Session of CHATHAM.

Action to recover damages resulting from a collision of motor vehicles. Plaintiff seeks to recover for personal and property damages suffered by him. Defendant counterclaims for like damages. The jury answered the issues in favor of defendant and awarded him $22,000 for personal injuries and $500 for property damage. Judgment was entered accordingly.

*Barber & Holmes; Jordan, Wright, Henson & Nichols; and Karl N. Hill, Jr., for plaintiff.*
*Ike F. Andrews and Simms & Simms for defendant.*

MOORE, J.   Plaintiff assigns as error the denial of his motion to nonsuit defendant's counterclaim.

The collision occurred shortly after midnight on 18 November 1961 on U. S. Highway 64 in Siler City. Plaintiff was driving his Mercury Comet station wagon eastwardly, and defendant was operating his Volkswagen panel truck westwardly. According to plaintiff's account of the accident, defendant made a left turn off the highway into the driveway of Ruth's Drive-in, which is on the south side of the high-

way, and then suddenly and without warning turned back into the highway in the path of plaintiff's vehicle which was so near that collision was inevitable. On the other hand, defendant testified that he was driving in a straight line at a fairly good rate of speed, 35 to 40 miles per hour, in the right-hand or north lane of the highway, "completely the right lane," he suddenly saw lights as though lights had been turned on in a moving vehicle, these lights came over into the defendant's lane and blinded him, and they were so near he "could do nothing" to avoid collision.

Plaintiff relies on contradictions and discrepancies in defendant's testimony and certain physical evidence as a basis for his motion to nonsuit the counterclaim. Contradictions and inconsistencies in testimony do not justify nonsuit where the evidence in the light most favorable to complainant makes out a *prima facie* case. *Redden v. Bynum,* 256 N.C. 351, 123 S.E. 2d 734. Defendant alleges that plaintiff's negligence proximately caused the collision and resulting damages in that he failed to yield one-half of the highway (G.S. 20-148), failed to give timely warning of his movement to the north side of the highway, and failed to keep a reasonable lookout. Defendant's evidence tends to support these allegations. The court properly overruled plaintiff's motion for nonsuit.

Defendant alleges that he is 47 years of age, "is the owner and general manager of A. M. Corsat Records & Appliances with stores in Jacksonville, Florida; Atlanta, Georgia; and Norfolk, Virginia; that this business requires that he travel a great deal through the Southeastern part of the United States in order that he may supervise and manage these stores; that because of the negligent acts of plaintiff in causing the . . . collision, the defendant has been unable to devote his time, talent and energy to the operation of his business and therefore has suffered great financial loss; that for the period of December 1, 1961, through March 31, 1962, there was a decrease in gross sales . . . in the amount of $28,229.12 from the same period of 1960-'61; that . . . it has been necessary to employ additional help . . .; that in spite of this additional help, the defendant's business is still suffering and will continue to suffer decreases in profit due to the loss of services of the defendant." Defendant prays for a recovery of $10,000 for "loss of business," in addition to other damages.

Over plaintiff's objection, defendant was permitted to introduce evidence that his net income for each of the years 1959, 1960 and 1961 was "about $10,000," and for 1962, nothing. Plaintiff contends that the court erred in admitting this and related evidence for the reason that the net profits from defendant's business resulted from a

combination of inconstant factors, such as capital, the labor of employees, other variables, and defendant's services, and that the sources of profit are too contingent and speculative for net profits to serve as an aid in the determination of defendant's damages.

The salient facts which determine the class or category of cases to which this belongs are: Claimant suffered personal injuries for which he seeks compensation. His injuries impair his capacity to engage in his occupation. He is self-employed and receives no salary or wages. His earnings consist of the net profits from the business enterprise owned and operated by him. He gives his full time to the business, and capital is employed and the labor of others used to some extent in the business.

No case has been cited and no decision has been found in our research where the exact question at bar has been considered in this jurisdiction. The nearest approach is *Wallace v. Railroad*, 104 N.C. 442, 10 S.E. 552. Wallace, a carpenter, received personal injuries while riding on a train. One of the assignments of error related to testimony of his earnings before the accident. The Court said:

> "An inquiry, . . . as to his earnings in his business is competent. It is not itself a rule of damages. There are many other elements of damages to be considered, and, 'upon all the circumstances, it is for the jury to say what is a reasonable and fair compensation which the defendant should pay the plaintiff, by way of compensation, for the injury he has sustained.' . . . .
>
> "In *Nash v. Sharp*, 19 Hun., 365, PRATT, J., says: 'Evidence of the nature and extent of the party's business, or how much he was *earning from his business or realizing from fixed wages*, is proper upon the question of damages.'
>
> " 'The age and occupation of the injured person, the value of his services, that is, *the wages which he has earned* in the past, whether he has been employed at a fixed salary or as a professional man are proper to be considered.' 2 Wood Railway 1240, and cases there cited."

In general terms, the law in this jurisdiction, relating to the recovery of damages for personal injury resulting from negligence, is that the injured party is entitled to recover the present worth of all damages sustained in consequence of the tort. These are understood to embrace indemnity for loss of time, or loss from inability to perform ordinary labor, or capacity to earn money, which are the immediate and necessary consequences of his injury. The age and occu-

pation of the injured person, the nature and extent of his employment, the value of his services and the amount of his income at the time, whether from fixed wages or salary, are matters properly to be considered by the jury. *Owens v. Kelly*, 240 N.C. 770, 84 S.E. 2d 163; *Mintz v. R.R.*, 233 N.C. 607, 65 S.E. 2d 120; *Dickson v. Coach Co.*, 233 N.C. 167, 63 S.E. 2d 297; *Fox v. Army Store*, 216 N.C. 468, 5 S.E. 2d 436; *Ledford v. Lumber Co.*, 183 N.C. 614, 112 S.E. 421. In personal injury actions great latitude is allowed in the introduction of evidence to aid in determining the extent of the damages, and as a broad general rule any evidence which tends to establish the nature, character and extent of injuries which are the natural and proximate consequences of the tortfeasor's acts is admissible in such actions, if otherwise competent. *Owens v. Kelly, supra.* In determining future earning capacity, prior earnings are admissible in evidence if there is a reasonable relation between past and probable future earnings. *Fox v. Army Store, supra;* Stansbury: North Carolina Evidence, s. 101, p. 193.

It is a generally accepted proposition that evidence of the profits of a business in which the injured party in a personal damage suit is interested, which depend for the most part upon the employment of capital, the labor of others, and similar variable factors, is inadmissible in such suit and cannot be considered for the purpose of establishing the pecuniary value of lost time or diminution of earning capacity, for the reasons that a loss of such profits is not the necessary consequence of the injury and such profits are uncertain and speculative. In such circumstances loss of profits cannot be considered either as an element or the measure of damages. In such case, the measure of damages is the loss in value of the injured person's services in the business. "Profits" and "earnings" are not synonymous. Loss of personal earnings is properly considered as an element or measure of damages. *Hendler v. Coffey*, 179 N.E. 801 (Mass. 1932); *Flintjer v. Kansas City*, 204 S.W. 951 (Mo. 1918); *Singer v. Martin*, 164 P. 1105 (Wash. 1917); *Mahoney v. Boston Elevated R. Co.* 108 N.E. 1033 (Mass. 1915); 25 C.J.S., Damages, s. 86, p. 618; 15 Am. Jur., Damages, s. 155, pp. 571-2. See also 12 A.L.R. 2d., Anno — Damages — Plaintiff's Business Profits, pp. 288, 294, 296. (In this Annotation the entire question is fully discussed and cases from many jurisdictions are cited and abstracted.)

However, where the business is small and the income which it produces is principally due to the personal services and attention of the owner, the earnings of the business may afford a reasonable criterion to the owner's earning power. *Bell v. Yellow Cab Co.*, 160 A. 2d 437

(Pa. 1960); 15 Am. Jur., Damages, s. 96, p. 506; 12 A.L.R. 2d 292. In cases where it is not established that the employment of capital, the use of labor of others, or similar variable factors were predominant in the injured person's business or determinative, for the most part, of the receipts realized, it is held that evidence of profits, in a restricted sense, or income (even if one or more of the factors mentioned were present and influential) may be used for the purpose of aiding in establishing a standard for the calculation of damages, if it conforms to the requirements of proximate cause and certainty. It has some bearing upon the question of damages, whether of loss of time or loss or diminution of earning capacity. Such evidence furnishes as safe a guide for the jury, under proper cautionary instructions, as may be found, in the assessment of damages, and becomes useful in helping to determine the pecuniary value of loss of time or impairment of earning capacity. *Amelsburg v. Lunning,* 14 N.W. 2d 680 (Iowa 1944); *Roy v. United Electric R. Co.,* 159 A. 637 (R.I. 1932); *Atlanta v. Jolly,* 146 S.E. 770 (Ga. 1929); *Osterode v. Almquist,* 200 P. 2d 169 (Cal. 1948); *Gombert v. New York C. & H. R.R. Co.,* 88 N.E. 382 (N.Y. 1909); 12 A.L.R. 2d 294, 297.

*Dempsey v. Scranton,* 107 A. 877 (Pa. 1919), is closely analagous to the case at bar. Dempsey suffered personal injuries by reason of the unsafe condition of the city streets. He owned a tea and coffee store and employed three clerks. Prior to his injury he drove a wagon and peddled tea and coffee. After the accident he employed another at $15 per week to drive the wagon. He had built his business by personal efforts over a period of fourteen years. There was no evidence of the amount of capital invested. While plaintiff could not give the business his personal attention profits decreased $100 to $125 per month. The Court said:

". . . (T)he income or profits an injured person derives from a business personally conducted with little or no capital and depending entirely or substantially upon his undivided labor and skill, whether physical or mental, may be considered as affording the true measure of his earning capacity; . . . . The services of a man who, like the plaintiff in this case, has, by his personal labor, skill, and business ability, built up and managed a business for a period of years, is manifestly worth more than the mere cost of hiring another temporarily to fill his place. The thorough knowledge of the business thus acquired, together with the personal acquaintance with the customers, has a value in the commercial world readily recognized by any business man. This

being so, no valid reason appears why one responsible for an injury should be heard to say that damages based upon such considerations are merely conjectural."

See also: *Chicago Union Traction Co. v. Brethauer*, 79 N.E. 287 (Ill. 1906); *Laycock v. United Rys. Co. of St. Louis*, 235 S.W. 91 (Mo. 1921).

"Probably, the true rule is that evidence of loss of profits is admissible where it would have a material bearing on the actual value of plaintiff's own services and work in the business and the pecuniary value of his lost time, but not as proof of a distinct element of damage in and of itself." *Seymour v. House*, 305 S.W. 2d 1, 4 (Mo. 1957).

At the time of the trial defendant-appellee was 48 years old. He was formerly a field engineer at the Naval Air Station in New Jersey. He moved to Jacksonville, Florida, and as a sideline went into the wholesale phonograph record business. At first his home was his place of business and base of operations. Through his connections in the Navy he was able to sell records to aircraft carriers and other Naval outlets. He gave up all other employment and devoted his entire time to the records business. He had to travel along the East Coast and keep in contact with ships and other outlets. He had to be at the right spot at the right time because competition was keen. He opened a little store in Jacksonville and one in Portsmouth, Virginia, as bases of operation — places to load and store records and equipment. He opened a place in Decatur, Georgia (in the metropolitan area of Atlanta). He employed some help, but did all of the buying and most of the selling and was in full control of the business. "You might say he was the sole operator, really." He served in all capacities, truckdriver, janitor, salesman and peddler. Because of the severity of his injuries from the collision, he could not use his legs, could not travel, could not attend to the business, and there was a net loss in 1962. He hired an assistant at a cost of $1800, but could not keep the business going on a paying basis. His injuries are permanent in nature and before trial he had incurred doctors', medical and hospital expenses in the amount of $6,756.83.

The preceeding paragraph is a summary of defendant's evidence with respect to the nature and extent of his business, his activities in connection therewith, and the effect of his injuries thereon. This evidence is lacking in some respects, especially as to details. It does not indicate how much capital was invested, how many persons were employed, or whether business conditions and opportunities were substantially the same after the accident as before. In testifying as to

the amount of net profits prior to the accident, it seems that defendant relied on his memory and estimates rather than business records and accounts. Yet it seems clear that predominating factors in the production of profits were the attention, efforts, skill, connections and personal attributes of defendant, and that the employment of capital and the labor of others played a very small part. Defendant had originated the business and built it on friendships, personality and trust. Defendant did all of the buying; the bulk of the selling was a "peddling" job which defendant alone handled. His stores were mainly places of storage and bases of operation, rather than trading posts. The business was predominantly a personal matter, depending for its life on the defendant's presence, services and personality. When he was injured and could not attend to the business profits ceased. In our opinion the evidence of profits was admissible as an aid (considered with other evidence) in determining the pecuniary value of defendant's loss of time or loss or impairment of earning capacity. The fact that defendant did not testify from business records and accounts does not render his testimony too speculative. Plaintiff had full and ample opportunity to cross-examine him with respect to all phases of the business. *Offensend v. Atlantic Refining Co.*, 185 A. 745 (Pa. 1936).

Defendant alleges "loss of business" on account of the injuries received by him and claims $10,000 as special damages therefor. The quotation (third paragraph next above) from the opinion in the *Seymour* case indicates that loss of profits from a business enterprise may not be the subject of special damages in a personal injury action. This proposition is not absolute. In personal injury suits loss of profits are recoverable as special damages if properly pleaded as such, if they arise naturally and proximately from the injury, and if they are reasonably definite and certain. In actions in which such recoveries are allowed there is usually some special contract or engagement from which the injured party would have realized a relatively definite profit but for the injury, or some seasonable or separable transaction (as opposed to a long, indefinite, continuous and complicated operation) from which claimant would have realized a profit, reasonably ascertainable and certain, but for the injury. Loss of profits from personal injury were recovered as special damages in the following cases: *Steitz v. Gifford*, 19 N.E. 2d 661, 122 A.L.R. 292 (N.Y. 1939) — truck farming; *Hetler v. Holtrop*, 281 N.W. 434 (Mich. 1938) — fruit stand; *Alengi v. Hartford Acci. & Indem. Co.*, 167 S. 130 (La. 1936) — truck farming; *Hollander v. Wilson Estate Co.*, 7 P. 2d 177 (Cal. 1932) — rugs, carpets, furniture broker; *Horrell v. Gulf

*& Valley Cotton Oil Co.,* 133 S. 394 (La. 1931) — Contracting business. Of course, future business profits may not be recovered as such, they are too remote and uncertain to sustain a judgment for their loss. 15 Am. Jur., Damages, s. 157, p. 573; *Mitchell v. Chicago, R. I. & P. R. Co.,* 114 N.W. 622 (Iowa 1908).

We have found no tort cases in which loss of business profits resulting from personal injury has been allowed as special damages in this jurisdiction. This is not to say that no such recovery would be allowed if essential elements were present. Recovery of lost business profits has been allowed in property damage cases. *Trucking Co. v. Payne,* 233 N.C. 637, 65 S.E. 2d 132; *Steffan v. Meiselman,* 223 N.C. 154, 25 S.E. 2d 626; *Binder v. Acceptance Corp.,* 222 N.C. 512, 23 S.E. 2d 894; *Lumber Co. v. Power Co.,* 206 N.C. 515, 174 S.E. 427; *Johnson v. Railroad Co.,* 140 N.C. 574, 53 S.E. 362.

In the instant case recovery for "loss of business" as special damages is not permissible, and evidence of lost profits is not admissible on such theory of special damages. Special damages are not properly pleaded. *Binder v. Acceptance Corp., supra.* Besides, the evidence of loss of profits does not reach that degree of certainty required as a foundation for special damages. *Johnson v. Railroad Co., supra.* Even so, plaintiff has not shown prejudicial error entitling him to a new trial. No issue of special damages for loss of profits was submitted to the jury. Considering the verdict in the light of the evidence of medical and hospital expenses, serious and permanent personal injury, and loss of time and earning power, it does not reasonably appear that the jury awarded special damages. The challenged evidence is competent and admissible as an aid in determining damages for loss of time or impairment of earning capacity. "Where evidence competent for a restricted purpose is admitted generally, an exception will not be sustained in the absence of a request that its admission be restricted." 4 Strong: N. C. Index, Trial, s. 15, p. 302.

All assignments of error have been carefully considered. None are sustained.

No error.