JOHN ROSS HOFFMAN, SR. v. GLENDA AGNES BROWN AND RALPH ROY BROWN

No. 7023SC309

(Filed 15 July 1970)

1. **Damages §§ 13, 16— error relating to damages — failure of jury to reach that issue**

Error by the court, if any, in striking testimony relating to damages and in instructing the jury as to damages was harmless where the issue of damages was not reached by the jury.

2. **Automobiles § 90— instructions — defining negligence — violation of safety statute**

The trial court did not fail to instruct the jury as to the legal meaning of negligence and did not fail to explain to the jury that the violation of a safety statute would be negligence.

3. **Rules of Civil Procedure § 51— instructions — application of law to evidence**

   In this automobile accident case, the trial court adequately reviewed the evidence and declared and explained the law arising thereon in substantial compliance with Rule of Civil Procedure No. 51.

4. **Trial § 51— refusal to set aside verdict — appellate review**

   Denial of a motion to set aside the verdict as being contrary to the greater weight of the evidence is not reviewable on appeal absent a showing of abuse of discretion.

   BROCK and BRITT, JJ., concurring in result.

APPEAL from *Ragsdale, J.,* January 1970 Civil Session, WILKES County Superior Court.

This action was instituted to recover damages for personal injuries allegedly sustained as the result of an automobile accident on 15 October 1965. The plaintiff alleged that on the above date he was traveling South on U. S. Highway 21 in Wilkes County when the defendant, Glenda Agnes Brown, entered the highway from a private driveway on the East side of the highway causing a collision with the plaintiff. In his complaint, the plaintiff alleged that the defendant was negligent when she drove her automobile into the public highway from a private driveway without yielding the right-of-way; that she failed to keep a proper lookout to ascertain whether other vehicles were traveling on the public highway; that she failed to ascertain whether her movement into the highway could be made in safety, and that she entered the highway without stopping. In her answer the defendant alleged that she was not negligent in any manner and that the injuries sustained by the plaintiff were the result of his own negligence.

At the trial of the matter both sides presented evidence to support their allegations. At the conclusion of the presentation of the evidence the court submitted the issues of the defendant's negligence and plaintiff's damages to the jury. The jury answered the issue of negligence in favor of the defendant and from the judgment entered thereon the plaintiff appealed, assigning error.

*Moore and Rousseau, by Julius A. Rousseau, Jr., for plaintiff appellant.*

*Hayes and Hayes, by Kyle Hayes, for defendant appellee.*

HEDRICK, J.

[1]    The appellant assigns as error the action of the trial court in striking testimony of Mrs. Hoffman and the supplementary testimony of Mr. Hoffman relating to damages which resulted from a decline in profits from their oil business following the collision with the defendant. They further argue that the court, in its charge to the jury, erroneously expressed an opinion in violation of G.S. 1A-1, Rule 51, Rules of Civil Procedure, when the court instructed the jury that damages could not be awarded for loss of profits from the oil business and that they would not consider the testimony of Mr. and Mrs. Hoffman concerning this loss. This assignment of error is not sustained for the record clearly reveals that the testimony stricken and the instruction complained of related solely to the issue of damages which was not reached and considered by the jury.

[2]    The appellant contends that the court below erred in that it failed to instruct the jury as to the legal meaning of negligence, and particularly that the court failed to explain to the jury that the violation of a safety statute would be negligence. The court, in defining negligence, among other things, stated that negligence is the doing of a thing which a reasonably prudent person, under similar circumstances, would not do, or the failure to do something that a reasonably prudent person would do under the same or similar circumstances, and that the test is what a reasonably prudent person would or would not do under the same or similar circumstances. Moreover, the court did in fact charge the jury that the violation of a statute which has been enacted for the public safety in the State of North Carolina by the General Assembly is negligence *per se*. This assignment of error is overruled.

[3]    The appellant contends that the court committed error in its charge to the jury by failing to declare and explain the law arising on the evidence as to all substantial features of the case. G.S. 1A-1, Rule 51, Rules of Civil Procedure, provides that the judge ". . . shall declare and explain the law arising on the evidence given in the case." This rule further provides that the judge does not have to state the evidence except to the extent necessary to explain the application of the law thereto. When the charge in the present case is considered as a whole it

is evident that the court adequately reviewed the evidence and declared and explained the law arising thereon in substantial compliance with the rule.

[4] Finally, the appellant contends that the court committed error in denying his motion to set the verdict aside as being contrary to the greater weight of the evidence. No abuse of discretion on the part of the judge is apparent in the present case; therefore, the action of the judge is not reviewable on appeal. *Goldston v. Chambers*, 272 N.C. 53, 157 S.E. 2d 676 (1967).

After a careful consideration of the assignments of error brought forward on this appeal by the plaintiff, it is our opinion that no prejudicial error was committed in the trial below.

No error.

BROCK and BRITT, JJ., concurring in the result.