CECIL D. JERNIGAN, JR. v. ATLANTIC COAST LINE RAILROAD COMPANY

No. 716SC474

(Filed 18 August 1971)

1. Trial § 51— motion to set aside verdict — review on appeal

A motion to set aside the verdict as contrary to the greater weight of the evidence is addressed to the sound discretion of the trial judge, whose decision is not reviewable in the absence of a manifest abuse of discretion.

2. Railroads § 7; Trial § 52— crossing accident — motion to set aside award of damages — discretion of court

Trial court properly acted within its discretion in refusing to set aside a $107,500 verdict in favor of a plaintiff who was injured in a collision with defendant's train at a railroad crossing, where the plaintiff offered evidence that he had suffered a forty percent permanent partial disability to his lower left extremity, that arthritis resulted which is expected to increase with the passage of time, and that atrophy has caused a shortening of the left leg; and especially where trial court reduced the verdict to $82,500.

3. Damages §§ 3, 13— future earning capacity — admission of prior earnings

In determining future earning capacity, prior earnings are admissible in evidence if there is a reasonable relation between past and probable future earnings.

4. Damages §§ 3, 13— loss of earning capacity — evidence of loss of business

Evidence that plaintiff's business suffered as a result of his injuries is competent and admissible as an aid in determining damages for loss of time or impairment of earning capacity.

5. Trial § 17— evidence competent for a restricted purpose — admissibility

The general admission of evidence competent for a restricted purpose will not be held reversible error in the absence of a request at the time that its admission be restricted.

6. Evidence § 45— evidence of average monthly net income

A plaintiff could testify as to his average monthly net income without using tax returns or other documentary evidence.

7. Evidence §§ 29, 33, 44— hearsay evidence — entry in the course of business — letter detailing plaintiff's health

A letter in which plaintiff's fellow employee had recorded his observations of the plaintiff's physical condition at the time plaintiff began employment *held* properly excluded as hearsay evidence in plaintiff's action to recover for injuries sustained in a railroad crossing accident; the fact that the letter was contained in plaintiff's Veterans Administration file does not make the letter admissible as an entry in the regular course of business.

8. **Evidence § 29— entry in the regular course of business — admissibility**
    To be admissible as an entry in the regular course of business, the entry must be made in the regular course of business at or near the time of the transaction involved; furthermore, the entry must be authenticated by a witness who is familiar with it and the system under which it was made.

APPEAL by defendant from *Cowper, Judge,* 29 March 1971 Civil Session of Superior Court held in HALIFAX County.

Plaintiff instituted this action 13 August 1964 seeking recovery for injuries sustained 7 October 1961 in a collision with defendant's train at a railroad crossing in Weldon.

At the first trial plaintiff's action was nonsuited at the conclusion of his evidence. The judgment of nonsuit was reversed by the Supreme Court. 275 N.C. 277, 167 S.E. 2d 269.

At the second trial the jury answered all issues in plaintiff's favor. The trial judge entered judgment on the issues of negligence and contributory negligence in accordance with the verdict but set aside the issue of damages and ordered a new trial as to that issue. This Court affirmed upon review. 9 N.C. App. 186, 175 S.E. 2d 701, *cert. denied,* 277 N.C. 252.

Trial upon the single issue of damages resulted in a jury verdict for plaintiff in the amount of $107,500. Upon order of the trial court, and with the consent of plaintiff, the amount was reduced to $82,500 and judgment was entered accordingly. Defendant appealed.

*Allsbrook, Benton, Knott, Allsbrook & Cranford by Richard B. Allsbrook for plaintiff appellee.*

*Spruill, Trotter & Lane by John R. Jolly, Jr., for defendant appellant.*

MALLARD, Chief Judge.

[1] Defendant's first contention is that the trial court erred in denying its motion to set the verdict aside as contrary to the greater weight of the evidence. It is elementary in this State that a motion on this ground is addressed to the sound discretion of the trial judge, and his decision is not reviewable in the absence of a manifest abuse of discretion. *Goldston v. Chambers,* 272 N.C. 53, 157 S.E. 2d 676; *Williams v. Boulerice,*

269 N.C. 499, 153 S.E. 2d 95; *Hoffman v. Brown,* 9 N.C. App. 36, 175 S.E. 2d 388.

**[2]** Plaintiff presented evidence that he suffered a forty percent permanent partial disability to his lower left extremity as a result of injuries sustained. Arthritis resulted, and plaintiff's physician expected the arthritis to increase with the passage of time and to further limit movement in plaintiff's hips. Atrophy caused a shortening of the left leg and also a lessening of the circumference of the left thigh by three-fourths of an inch. Less serious injuries about the chest and body were also sustained. There was considerable evidence to show continued pain, a curtailment of activities, and a loss of earning capacity.

The question is not whether we are of the opinion the jury's award more than adequately compensated plaintiff for his injuries, but whether we find a manifest abuse of discretion on the part of the trial judge in failing to set the verdict aside. In the light of the evidence of substantial and permanent injuries, a portion of which has been set forth, we do not so find. The reduction in the verdict of the jury by $25,000 gives defendant even less cause to complain.

**[3]** Secondly, defendant contends that the court erred in permitting plaintiff to testify as to his average monthly net income during the months preceding his injury in 1961. In determining future earning capacity, prior earnings are admissible in evidence if there is a reasonable relation between past and probable future earnings. *Fox v. Army Store,* 216 N.C. 468, 5 S.E. 2d 436.

Plaintiff testified that at the time of the accident he operated his own trucking business. He described in detail the extensive duties he performed in connection with this business. Many of the duties required a type of physical activity which was substantially curtailed by his injuries. As a result, plaintiff's business suffered in details described in his testimony.

**[4, 5]** In a tort action evidence of a loss of business will not ordinarily support a claim for special damages for lost profits. Nevertheless, such evidence is competent and admissible as an aid in determining damages for loss of time or impairment of earning capacity. *Smith v. Corsat,* 260 N.C. 92, 131 S.E. 2d

894. No issue of special damage was submitted to the jury and defendant made no request that this evidence be restricted to the issue of loss of time or impairment of earning capacity. "The general admission of evidence competent for a restricted purpose will not be held reversible error in the absence of a request at the time that its admission be restricted." 7 Strong, N.C. Index 2d, Trial, § 17, p. 283.

[6] Defendant particularly complains that plaintiff used no tax returns or other documentary evidence to show his actual income during 1961. In answering a similar contention made by the plaintiff in *Smith v. Corsat, supra,* Justice Moore stated for the Court: "The fact that defendant did not testify from business records and accounts does not render his testimony too speculative. Plaintiff had full and ample opportunity to cross-examine him with respect to all phases of the business." 260 N.C. at 99, 131 S.E. 2d at 899. This assignment of error is overruled.

[7] Defendant's third assignment of error challenges the exclusion of a letter contained in plaintiff's Veterans Administration file. Defendant subpoenaed the file and offered evidence contained therein which tended to show that plaintiff had made a disability claim in 1952 for a service connected injury. This information included a medical report from the Veterans Administration physician who examined plaintiff. All the evidence tendered from the file was admitted except for a letter from an employee of the State Highway and Public Works Commission. The date of the letter is not shown; however, it purports to be from a fellow employee of plaintiff who describes certain observations which he made with respect to plaintiff's physical condition at the time plaintiff started work for the Commission in 1952 and subsequently.

[7, 8] We hold that the letter was properly excluded. The letter unquestionably constitutes hearsay evidence. The fact it was found among other papers in plaintiff's Veterans Administration file does not make it admissible as an entry in the regular course of business. To be admissible under this theory it must be shown that the entries were made in the regular course of business at or near the time of the transaction involved. Furthermore, the entries must be authenticated by a witness who is familiar with them and the system under which they were made. Stansbury, N. C. Evidence 2d, § 155. The letter fails to

qualify in both of these essentials and amounts to nothing more than "hearsay on hearsay." See *Sims v. Insurance Co.,* 257 N.C. 32, 125 S.E. 2d 326, and *Supply Co. v. Ice Cream Co.,* 232 N.C. 684, 61 S.E. 2d 895.

Defendant's final two assignments of error relate to the charge. The charge contains the statement of the rule of damages set forth in *Ledford v. Lumber Co.,* 183 N.C. 614, 112 S.E. 421. This rule has been approved by our Supreme Court in cases too numerous to mention. A review of the complete charge shows that the trial judge fairly declared and explained the law arising on the evidence given in the case and gave equal stress to the contentions of each party. This was all he was required to do. G.S. 1A-1, Rule 51(a).

No error.

Judges BROCK and VAUGHN concur.