Love v. Hunt

---

---

JIMMY R. LOVE v. LLOYD FRANKLIN HUNT

No. 7321SC159

(Filed 28 March 1973)

1. Damages §§ 3, 13— personal injury — loss of earning capacity — loss of business profit

While evidence of a loss of business or the net income of a business may be competent and admissible in certain personal injury cases as an aid in determining the pecuniary value of the loss of time or the loss or impairment of earning capacity, under the circumstances of the present case where plaintiff had been in business for himself for only two months prior to the injury in question and had no record of profit or loss before the accident, evidence tending to show that his business lost $1500 and that six automobiles he had purchased to repair and resell had depreciated $1500 in value during plaintiff's disability would not have been of any aid to the jury in determining the pecuniary value of loss of time or loss or impairment of earning capacity, and exclusion of such evidence was not prejudicial.

2. Damages § 16; Trial § 33— review of evidence — instruction on damages — failure to repeat evidence — no error

The trial court in a personal injury and property damage suit properly declared and explained the law arising on the evidence where he reviewed the evidence in detail as to plaintiff's injuries, then instructed on the measure of damages, and his failure to repeat all the evidence of injury in enunciating the rule for the admeasurement of damages for personal injury was not error.

APPEAL by plaintiff from Gambill, Judge, 18 September 1972 Session of Superior Court held in FORSYTH County.

This is a civil action wherein plaintiff, Jimmy R. Love, seeks to recover damages for injury to person and property allegedly resulting from an automobile-truck collision. Plaintiff offered evidence tending to show that on 3 October 1970 he was riding as a passenger in an automobile owned and operated by Richard Wayne Kiger when it collided with a pickup truck owned and operated by defendant, Lloyd Franklin Hunt. When the two motor vehicles collided, plaintiff was thrown through the windshield and received multiple lacerations to the face, three fractured ribs and abrasions to his legs. After the lacerations in plaintiff's face were sutured in the emergency room of a hospital in Thomasville, plaintiff was transferred by ambulance to Baptist Hospital in Winston-Salem where he was examined and "released from the hospital the day after the accident." These sutures were removed by plaintiff's family doctor on 9 October 1970 who on 23 October 1970 placed plaintiff in a "rib binder." After the accident, plaintiff was "not bedridden." "He could walk around," but his physician advised him not to operate an automobile from six to eight weeks. In the opinion of the physician, plaintiff was able to return to work after 4 February 1971.

Plaintiff testified that prior to the accident he had one small scar under his chin and that:

"In the accident, I received scarring on my right eye and scarring on each side of my cheek and also scarring on my forehead. I have pain in these scars and feel it when you touch them.

I also have scars in my eyelid and have pain and discomfort there. When you touch the scar on my eye, it pulls on my eye and the muscles of my eye.

I also have scarring on the inside of my mouth. The upper and lower lips were stitched up. There are knots in my mouth where it was sewed up. I no longer have feeling in my lower lip. I have not been able to wear my false teeth since receiving these injuries."

All expenses incurred by plaintiff for transportation, diagnosis and treatment of injuries received in the accident totaled $282.27.

At the time of the accident, plaintiff was 37 years of age and had been self-employed for two months "in the used car business." Plaintiff testified:

> "I would buy cars locally and in West Virginia, do body work and mechanical work on them and sell the cars at the auto auctions in High Point, North Carolina, and Darlington, South Carolina.
>
>    At the time of the accident, I had six cars prepared for sale. Because of the injuries I sustained in the accident, I was unable to sell these cars until February and March of 1971."

Before going into business for himself, plaintiff was employed as sales manager of J. C. Parker Motors in Winston-Salem at a weekly salary of $100.00 plus commissions. Plaintiff was unemployed for the first six months of 1969 because of an eye operation and had a gross income of $3,806.00 for that year. Plaintiff's gross income for 1970 was $3,171.00. Plaintiff's 1970 income tax return did not indicate that he earned any income from his own business because he "wound up with a loss. That was during the period of time that this wreck happened and I was incapacitated."

Plaintiff testified that his false teeth valued at $100.00, "eyeglasses" valued at $160.00, and watch valued at $75.00 were destroyed in the accident.

The jury found that plaintiff was injured and damaged by the negligence of defendant and awarded plaintiff $335.00 for damage to personal property and $1,257.27 for personal injuries.

From judgment on the verdict, plaintiff appealed.

*Wilson and Morrow by John F. Morrow for plaintiff appellant.*

*Hudson, Petree, Stockton, Stockton & Robinson by R. M. Stockton and James H. Kelly, Jr., for defendant appellee.*

HEDRICK, Judge.

All of the assignments of error brought forward and argued in plaintiff's brief relate to the issue of damages for personal injury.

Based on exceptions 2 through 8, plaintiff contends the court erred in excluding testimony that:

(1) Six used cars which plaintiff purchased to repair and resell depreciated $1,500.00 in value from 3 October 1970 until February, 1971;

(2) While plaintiff was employed as sales manager of J. C. Parker Motors in Winston-Salem two months before he became self-employed, he earned commissions of $10.00 or $15.00 on each automobile sold, depending upon its selling price; and

(3) Plaintiff lost $1,500.00 from his "own business" from the date of the accident to the end of the calendar year.

In his brief, plaintiff asserts:

"[E]vidence of lost profits and depreciation of assets of the personal, one-man, business of the plaintiff-appellant ... should have been admitted to furnish as a safeguard for the jury to help it in determining the pecuniary value of loss of time or impairment of the plaintiff-appellant's earning capacity."

[1] While evidence of a loss of business or the net income of a business may be competent and admissible in certain personal injury cases as an aid in determining the pecuniary value of the loss of time or the loss or impairment of earning capacity, *Smith v. Corsat*, 260 N.C. 92, 131 S.E. 2d 894 (1963); *Jernigan v. R. R. Co.*, 12 N.C. App. 241, 182 S.E. 2d 847 (1971), under the circumstances of the present case, where plaintiff had been in business for only two months prior to this injury and had no record of profit or loss before the accident, we cannot perceive that evidence tending to show that his business lost $1,500.00 and that the six automobiles he had purchased to repair and resell had depreciated $1,500.00 in value during plaintiff's disability, would be of any aid in determining the pecuniary value of loss of time or loss or impairment of earning capacity. Moreover, plaintiff was allowed to testify, without objection, that he had no income from his own business during his incapacity, and that his business "wound up with a loss" for the year 1970.

Plaintiff was allowed to testify as to his gross income for the years 1969 and 1970. The exclusion of testimony as to the type commission plaintiff received on each car sold while em-

ployed by J. C. Parker Motors cannot, therefore, be considered prejudicial.

[2]　Based on assignments of error 5, 6, 7 and 8 (exceptions 9 and 10), plaintiff contends the court failed to declare and explain the law arising on the evidence as to damages for personal injuries as required by G.S. 1A-1, Rule 51(a) of the North Carolina Rules of Civil Procedure.

It is apparent that Judge Gambill based his charge on the issue of damages for personal injury upon the charge approved in *Hunter v. Fisher*, 247 N.C. 226, 100 S.E. 2d 321 (1957). After reviewing the evidence in detail as to plaintiff's injuries, including evidence as to scars on plaintiff's face, Judge Gambill instructed the jury substantially in accordance with the charge approved in the *Hunter* case. Where the court reviews in detail evidence of plaintiff's injuries, the failure of the court to repeat such evidence in enunciating the rule for the admeasurement of damages for personal injury is not error. 3 Strong, N. C. Index 2d, Damages, § 16.

We hold that plaintiff had a fair trial free from prejudicial error.

No error.

Chief Judge MALLARD and Judge MORRIS concur.