GAIL ADAMS SPEARS v. SERVICE DISTRIBUTING COMPANY

No. 7529SC389

(Filed 3 December 1975)

1. Negligence. § 37— instructions unsupported by evidence

In an action to recover for injuries plaintiff received when she was struck in the face by a water hose nozzle at defendant's car wash after she placed the nozzle under pressure back in its holster, the trial court's instruction that defendant was negligent if there was too much pressure on the hose was unsupported by the evidence, and the court's instruction that defendant was negligent if "the equipment was not in proper working order" was too broad and did not limit jury consideration to negligence supported by the evidence, where the evidence was sufficient to support jury findings that defendant was negligent only in (1) failing to post operating instructions in the stall used by plaintiff and (2) failing to provide a water pressure control switch in the stall.

2. Damages § 16— scars affecting appearance — instructions unsupported by evidence

The trial court erred in instructing the jury that in awarding damages it might consider any blemishes or scars which tend to mar plaintiff's appearance where the evidence showed only that plaintiff had a laceration of the eye which required three stitches, but there was no evidence that a scar or blemish tending to mar her appearance resulted therefrom.

APPEAL by defendant from *Friday, Judge.* Judgment entered 28 January 1975, in Superior Court, RUTHERFORD County. Heard in the Court of Appeals 17 October 1975.

Plaintiff seeks to recover for personal injuries sustained when struck about the face by the nozzle of a water hose after washing her car at defendant's car wash.

On 23 September 1972, the plaintiff took her automobile into one of the stalls at defendant's car wash. She had washed her car at other similar self-service car wash facilities but never at this particular one. Before placing any money in the slot, she looked for instructions but found none. She also could not find a water control switch. When she put the quarter in the slot, she

did not have the spray nozzle in her hand; under water pressure it flew out of the holster and lodged under the wheel of her car. She picked it up and began to wash her car. Unable to find a control switch, she replaced the hose in the holster under pressure where it remained briefly, then "flew out and started beating her over the head." It struck her in the right eye breaking her glasses and cutting her eye. This injury required several stitches, caused her to miss work, and created doctor and hospital expenses.

Plaintiff called as her witness an employee of the defendant who testified that there were no operating instructions in the stall used by the plaintiff but that there were such instructions in the other stalls which directed that the switch be turned off before inserting the coin in the slot and that the switch be turned off before replacing the spray nozzle in the holster; and that there was a water control switch in good working condition located near the nozzle holster.

The jury found negligence by the defendant, no contributory negligence, and awarded $5,000 in damages. From judgment entered on this verdict, the defendant appeals.

*Hamrick and Hamrick by J. Nat Hamrick for plaintiff appellee.*

*Morris, Golding, Blue and Phillips by Steven Kropelnicki, Jr., for defendant appellant.*

CLARK, Judge.

The defendant maintained, in connection with his motor vehicle service station, a coin-operated car wash for profit. Those who entered and used the premises for the purpose of washing vehicles were invitees; to them defendant owed the duty to use ordinary care to maintain the premises in a condition reasonably safe for use in the washing of their cars; and it had the duty to warn them against dangers, which it knew or should have discovered, and which were not readily apparent to such observation as the invitees reasonably expected. *Hedrick v. Tigniere,* 267 N.C. 62, 147 S.E. 2d 550 (1966).

In the final mandate relating to the first issue, the trial court instructed the jury that "if the plaintiff . . . has satisfied you by the greater weight of the evidence that at the time and place complained of that the defendant was negligent in that, as the plaintiff contends to you, there was a duty on his part to

give her some instructions in this car wash No. 1 when she drove in to wash her car or that there was too much pressure on the hose for her on this day in question and this pressure caused her to be stricken in the eye by this nozzle and that the equipment was not in proper working order, . . . ″

[1] The defendant assigns as error this instruction, contending that the judge did not explain the law arising on the evidence as to a material aspect of the case in compliance with G.S. 1A-1, Rule 51. In our opinion there was error in two aspects of this instruction. First, the evidence was not sufficient to support a finding that defendant was negligent in using too much water pressure on the hose. Obviously, there had to be sufficient water pressure for the customers to effectively wash their cars. Plaintiff had no trouble in controlling the hose under pressure when it was in her grasp. The spray nozzle jumped out of its holster under pressure only because it was not designed or intended to be placed in the holster under pressure. In the exercise of reasonable care the defendant should have instructed its customers to remove the spray nozzle from its holster before switching on the water and to switch off the water after washing and before placing it back in the holster. Defendant failed to do this in the stall used by the plaintiff. Second, the instruction that the jury could find negligence in that "the equipment was not in proper working order" is so broad and general in scope that it does not properly limit jury considerations to the negligence which is supported by the evidence. The plaintiff offered evidence which tended to show that there was no switch in the stall for cutting off the water pressure. We find that the evidence would support jury findings of negligence in that the defendant (1) failed to post operating instructions in the stall used by plaintiff, and (2) failed to provide a water pressure control switch in the stall. The instruction to the jury on the first issue should have been so limited and so applied to the evidence in the case.

[2] Defendant also assigns as error the instruction of the court that in awarding damages the jury might consider any blemishes or scars which tend to mar the plaintiff's appearance. This instruction is not supported by the evidence. Though plaintiff's evidence tended to show that she had a laceration of the eyeball which required three stitches, there was no evidence that a scar or blemish tending to mar her appearance resulted therefrom. Instructions on elements of damages are not proper

Shugar v. Property, Inc.

if the evidence does not reveal a basis for such an award. *Short v. Chapman,* 261 N.C. 674, 136 S.E. 2d 40 (1964) ; and *Brown v. Neal,* 283 N.C. 604, 197 S.E. 2d 505 (1973).

For prejudicial error as indicated, we order a

New trial.

Judges BRITT and PARKER concur.