ZENO HERBERT PONDER v. BUDWEISER OF ASHEVILLE, INC. AND WILLIAM ALEXANDER FOX

No. 7624SC33

(Filed 21 July 1976)

1. **Damages §§ 6, 12— special damages — loss of corporate profits — failure to plead — insufficiency of evidence**

   In an action to recover for personal injuries received in an automobile accident, the trial court erred in permitting the jury to consider the special damages of loss of corporate profits with respect to a tobacco crop and dairy herd where plaintiff failed to allege specifically such special damages and where plaintiff failed to show with any degree of certainty how the corporate loss of profits was a proximate result of his injuries. G.S. 1A-1, Rule 9(g).

2. **Damages § 16— damages for disfigurement — insufficiency of evidence**

   The evidence was insufficient to support the court's instruction that the jury could consider any blemishes, scars or mutilations which tend to mar plaintiff's appearance in determining damages for personal injuries to plaintiff where plaintiff testified only that two knots on his head and minor scratches and a bruise were not permanent and had essentially disappeared.

APPEAL by defendants from *Friday, Judge.* Judgment entered 25 August 1975 in Superior Court, MADISON County. Heard in the Court of Apppeals 4 May 1976.

In his complaint, filed 17 September 1973, the plaintiff alleged that he sustained injuries as the result of an automobile collision which "occurred when the defendant, William Alexander Fox, driving . . . [a] truck owned by the corporate defendant, Budweiser of Asheville, Inc. overtook and ran into

the rear end of [the] . . . automobile operated by the plaintiff. . . ." He alleged that as a result of the collision

". . . plaintiff's body was thrown about violently and forcibly within the said Ford automobile and against the steering wheel, dashboard, seat, windows, doors and interior metal parts and portions thereof in such a way and manner that plaintiff's body, head, face, and arms were bruised, contused and injured, plaintiff's neck and cervical spine were wrenched, sprained, strained, damaged and injured, plaintiff's back and lumbar spine were wrenched, sprained, strained, damaged and injured, the vertebrae and discs of plaintiff's back were damaged and injured, the muscles, tissues, tendons and tenues, and ligaments of plaintiff's body were strained, sprained, torn, damaged and injured, and plaintiff's body was caused to suffer and sustain great and excruciating pain, damage and injury, including damage and injury to plaintiff's back, cervical spine, and lumbar spine, which plaintiff is advised, informed and believes it permanent and permanently disabling.

10. That as result of the negligence of the defendants, plaintiff's brain and central nervous system were shocked, damaged and injured, plaintiff's internal organs were bruised, damaged and injured, and plaintiff was caused to suffer and sustain excruciating pain of mind and body.

11. That at the time of the collision herein described plaintiff was an able-bodied man, with substantial business interest and substantial earnings and income; that following said collision, plaintiff was disabled, and continues to be partially disabled; that plaintiff has lost substantial earnings and income as result of defendant's negligence; and that plaintiff is advised, informed and believes that as result of certain permanent injuries suffered and sustained as result of defendant's negligence, plaintiff has suffered and sustained permanent loss of earnings and earnings capacity."

Plaintiff sought $150,000 in damages.

Defendants' answer denied plaintiff's substantive allegations.

From jury verdict and judgment for plaintiff for $40,000, the defendants appealed.

Other facts necessary for decision are set out below.

*Gudger and McLean, by Lamar Gudger, for plaintiff appellee.*

*Morris, Golding, Blue & Phillips, by James N. Golding, for defendant appellants.*

MORRIS, Judge.

[1]  Defendants, noting the plaintiff's evidence as to diminution of profits in the corporate farming operation, contend that the trial court erred ". . . by permitting the plaintiff to speculate as to profits which the corporation might have made . . . [in that] no allegation of such special damage appears in the complaint . . . and . . . [s]peculative evidence of corporation profits are not permitted to show loss of income or earning capacity in a personal injury action." We agree.

Here plaintiff's complaint alleges loss of income and earning capacity, but fails to allege properly and specifically the special damages of loss of corporate profits with respect to his tobacco crop and dairy herd. "In personal injury suits loss of profits are recoverable as special damages if properly pleaded as such, if they arise naturally and proximately from the injury, and if they are reasonably definite and certain." *Smith v. Corsat,* 260 N.C. 92, 99, 131 S.E. 2d 894 (1963). Also see: G.S. 1A-1, Rule 9(g).

Even had plaintiff complied with G.S. 1A-1, Rule 9(g), we still consider plaintiff's introduction of corporate losses improper. Justice Moore, in *Smith v. Corsat, supra,* at pp. 96-97, well stated the law in this area and restatement of his opinion is worthwhile:

> "It is a generally accepted proposition that evidence of the profits of a business in which the injured party in a personal damage suit is interested, which depend for the most part upon the employment of capital, the labor of others, and similar variable factors, is inadmissible in such suit and cannot be considered for the purpose of establishing the pecuniary value of lost time or diminution of earning capacity, for the reasons that a loss of such profits is not the necessary consequence of the injury and such profits are uncertain and speculative. In such circumstances loss of profits cannot be considered either as an element

or the measure of damages. In such case, the measure of damages is the loss in value of the injured person's services in the business. 'Profits' and 'earnings' are not synonymous. Loss of personal earnings is properly considered as an element or measure of damages. *Hendler v. Coffey*, 179 N.E. 801 (Mass. 1932); *Flintjer v. Kansas City*, 204 S.W. 951 (Mo. 1918); *Singer v. Martin*, 164 P. 1105 (Wash. 1917); *Mahoney v. Boston Elevated R. Co.*, 108 N.E. 1033 (Mass. 1915); 25 C.J.S., Damages, s. 86, p. 618; 15 Am. Jur., Damages, s. 155, pp. 571-2. See also 12 A.L.R. 2d Anno—Damages—Plaintiff's Business Profits, pp. 288, 294, 296. (In this Annotation the entire question is fully discussed and cases from many jurisdictions are cited and abstracted.)

However, where the business is small and the income which it produces is principally due to the personal services and attention of the owner, the earnings of the business may afford a reasonable criterion to the owner's earning power. *Bell v. Yellow Cab Co.*, 160 A. 2d 437 (Pa. 1960); 15 Am. Jur., Damages, s. 96, p. 506; 12 A.L.R. 2d 292. In cases where it is not established that the employment of capital, the use of labor of others, or similar variable factors were predominant in the injured person's business or determinative, for the most part, of the receipts realized, it is held that evidence of profits, in a restricted sense, or income (even if one or more of the factors mentioned were present and influential) may be used for the purpose of aiding in establishing a standard for the calculation of damages, if it conforms to the requirements of proximate cause and certainty. It has some bearing upon the question of damages, whether of loss of time or loss or diminution of earning capacity. Such evidence furnishes as safe a guide for the jury, under proper cautionary instructions, as may be found, in the assessment of damages, and becomes useful in helping to determine the pecuniary value of loss of time or impairment of earning capacity. *Amelsburg v. Lunning*, 14 N.W. 2d 680 (Iowa 1944); *Roy v. United Electric R. Co.*, 159 A. 637 (R.I. 1932); *Atlanta v. Jolly*, 146 S.E. 770 (Ga. 1929); *Osterode v. Almquist*, 200 P. 2d 169 (Cal. 1948); *Gombert v. New York C. & H. R. R. Co.*, 88 N.E. 382 (N.Y. 1909); 12 A.L.R. 2d 294, 297."

Here, the diminution of crop yield and herd productivity may be attributable to a host of factors, not the least of which are

purely environmental. Stated simply, plaintiff failed to show with any degree of certainty how the corporate loss of profit is a proximate result of his injuries.

Moreover, this loss was the corporation's and not the plaintiff's. The corporation relied upon considerable capitalization, employed considerable help and was owned by a number of shareholders in addition to plaintiff. There was evidence that plaintiff was paid a salary of $22,000 by the corporation for the year in which he sustained the injuries of which he complains. The trial court erred in allowing the business loss into evidence. See: 45 A.L.R. 3d, Profits of Business as Factor in Determining Loss of Earnings or Earning Capacity in Action for Personal Injury or Death, § 5, pp. 369 et seq. Cf: *Jernigan v. R.R. Co.*, 12 N.C. App. 241, 182 S.E. 2d 847 (1971), (wherein the plaintiff's *"own* trucking business" loss was admissible for purposes of showing an impairment of earning capacity). (Emphasis supplied.) *Love v. Hunt,* 17 N.C. App. 673, 195 S.E. 2d 135 (1973), (also involving a self-employed plaintiff).

[2] Defendants, citing the lack of any supporting evidence, also contend that the trial court erred by instructing the jury that in resolving the damages issue they could consider ". . . any outward blemishes or scars or mutilations which tend to mar the [plaintiff's] appearance. . . ." We, again, agree.

The only evidence of external injury was plaintiff's testimony that he had two "knots" on his head, minor scratches on the shoulder and a bruised hand, and plaintiff testified that those injuries were not permanent and had essentially disappeared. In short, there was no evidence of blemishes, scars or mutilations to plaintiff, and to have instructed that these disfigurements are elements to be considered in the calculation and consideration of damages was error. See: *Spears v. Distributing Co.,* 27 N.C. App. 646, 219 S.E. 2d 817 (1975).

In view of our decision that defendant is entitled to a new trial, we consider it unnecessary to discuss the appellants' other assignments of error, since they are not likely to occur upon the retrial of this matter.

New trial.

Judges PARKER and MARTIN concur.