Deputy Commissioner Garner initially heard this case on 24 August 1992 on the sole issue of liability. On 7 October 1992, Deputy Commissioner Garner issued a Decision and Order finding that defendant was negligent and ordering the parties attempt to resolve the issue of damages. The 7 October 1992 Decision and Order by Deputy Commissioner Garner is incorporated herein by reference. Defendant then appealed the 7 October 1992 Decision and Order to the Full Commission which affirmed Deputy Commissioner Garner's decision on the liability issue in a Decision and Order filed 17 February 1994. The Full Commissions 17 February 1994 Decision and Order is also incorporated herein by reference.
 ***********
The Full Commission has reviewed the prior Decision and Order based upon the record of the proceedings before Deputy Commissioner Edward Garner, Jr. Each party waived oral argument before the Full Commission. Plaintiff's Motion to the Full Commission to reopen the record for additional medical records is DENIED. The appealing party has not shown good ground to receive further evidence or to amend the prior Decision and Order. Accordingly, the Full Commission affirms and adopts the prior decision by the Deputy Commissioner and enters the following Decision and Order.
 ***********
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
 FINDINGS OF FACT
1. Plaintiff injured her back on 16 January 1989, when she jumped up from her bed to catch the falling window. Following the incident, plaintiff went that same day to the student health services at AT. She was assessed as having a low back strain and was prescribed Motrin and a heating pad. On 6 February 1989, plaintiff went back to student health services complaining of lower back pain. She was again prescribed Motrin and a heating pad.
2. On 8 February 1989, plaintiff went to Cobb Chiropractic Clinic in Greensboro. In completing the "Confidential Patient Case History" form, plaintiff stated her major complaint was lower back pain. Plaintiff also indicated her last spinal examination was six to eighteen months ago. Additionally, she indicated her last spinal x-ray was six to eighteen months ago. When asked during cross-examination for what had she been treated six to eighteen months ago, plaintiff responded she had been to a chiropractor for routine maintenance. Plaintiff explained that it was part of her family's philosophy to receive chiropractic manipulations every couple of months.
3. Dr. Cobb took x-rays of plaintiff. The x-rays revealed no signs of fracture or dislocation of plaintiff's spine. Dr. Cobb diagnosed plaintiff with cervical and lumbar strain. She was treated at Cobb Chiropractic from 8 February 1989 through 27 April 1990. During this course of treatment, plaintiff received manipulative therapy, supplemented by chiropractic physical therapy.
4. On 18 July 1990, Dr. Cobb concluded in his narrative evaluation that plaintiff's prognosis was "good." He also stated that during plaintiff's last visit she only complained of very occasional lower back pain. Additionally, Dr. Cobb concluded plaintiff had reached "maximum recovery." Dr. Cobb did not give plaintiff any kind of disability rating.
5. On 9 January 1991, eight months concluding her treatment at Cobb Chiropractic, plaintiff went to Carolina Chiropractic Center to see Dr. Gary M. McKeel. Plaintiff received treatment, including spinal manipulation, from 9 January 1991 until 4 April 1991. On 11 June 1992, Dr. McKeel concluded in his narrative evaluation that plaintiff's prognosis was "excellent" and that she had reached 100% medical improvement.
6. On 24 March 1992, after approximately an entire year of no treatment at all, plaintiff went to Grosman Chiropractic. Plaintiff was placed on a program of spinal manipulation in coordination with various forms of physiotherapy from 24 March 1992, through 7 October 1992. The x-rays performed during this time were unremarkable, showing no evidence of fracture or dislocation of plaintiff's spine.
7. On or about 2 September 1992, a CT Scan was performed on plaintiff's lumbar spine. The scan showed a bulging disc at the L4-5 level.
8. On 16 May 1994, over a year and one-half of no treatment, plaintiff went back to Cobb Chiropractic Clinic for three visits. During these three visits, plaintiff received spinal manipulation and other treatment.
9. On 17 June 1996, after approximately two years of no treatment, plaintiff went to Palladino Family Chiropractic Clinic for two visits. Again, plaintiff was treated with spinal manipulation.
10. On 13 January 1997, plaintiff went to Guilford Orthopaedic and Sports medicine Center. She was diagnosed with a lumbar strain.
11. Plaintiff is a graduate of AT with a degree in Marketing. Since attaining her degree in Marketing, she has held a number of jobs including Consumer Representative, Collection Representative, and a position in retail. Currently, plaintiff is the mother of a newborn and is not employed outside the home.
12. As a result of this injury, plaintiff has suffered medical expenses in the amount of $5,525.50.
 ***********
Based on the foregoing and findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiff has a right to recover all medical expenses incurred as a result of defendant's negligence. Robertson v.Stanley, 285 N.C. App. 561, 206 S.E.2d 190 (1974). Although plaintiff may recover for future medical expenses, recovery is only available when the future expenses can be forcasted with reasonable certainty, and any recovery for future medical expenses must be reduced to present value. Williams v.Charles Stores Co., 209 N.C. 591, 184 S.E.2d 496 (1936). Plaintiff did not prove that all of her treatment resulted from defendant's negligence.
2. To hold a defendant responsible for a plaintiff's injuries, the defendant's negligence must have been the proximate cause of the particular injuries for which plaintiff seeks recovery. Gillikin v. Burbage, 263 N.C. 317,139 S.E.2d 753 (1965). A damage award for personal injury may include compensation for the loss of time, inability to perform ordinary labor, or reduced capacity to earn, past and future, if such losses were the immediate and necessary result of his injury.Smith v. Corsat, 260 N.C. 92, 131 S.E.2d 894 (1963). Plaintiff did not meet this burden.
3. As the result of defendant's negligence resulting in plaintiff's 16 January 1989 injury, plaintiff is entitled to recover from defendant the sum of $15,000.00.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following
 ORDER
1. Plaintiff shall have and recover from defendant the sum of $15,000.00.
2. Defendant shall pay the cost of this action.
 S/_____________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
S/_____________ DIANNE C. SELLERS COMMISSIONER
S/_____________ RENEE C. RIGGSBEE COMMISSIONER